UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| QUINTILES IMS INCORPORATED and IMS SOFTWARE SERVICES, LTD., <br><br> Plaintiffs-<br>Counterclaim Defendants, <br><br> v. <br><br> VEEVA SYSTEMS INC., <br><br> Defendant-<br>Counterclaim Plaintiff. | Civil Action No. 2:17-177 (CCC) (MF) <br><br> Hon. Claire C. Cecchi, U.S.D.J. <br> Hon. Mark Falk, U.S.M.J. <br><br> **Scheduling Conference set for August 16, 2017, 11:00 a.m. Before Magistrate Judge Falk** |

## JOINT DISCOVERY PLAN

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), Local Civil Rule 26.1(b), and this Court's Order dated July 5, 2017 [ECF No. 59], Plaintiffs-Counterclaim Defendants Quintiles IMS Inc. and IMS Software Services, Ltd. (collectively, "IMS") and Defendant-Counterclaim Plaintiff Veeva Systems Inc. ("Veeva"), by their undersigned attorneys, present the following Joint Discovery Plan to the Court. The parties have generally followed the format of the Court's Joint Discovery Plan form.[1]

**1.     Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.**

| Michael Critchley <br> Critchley, Kinum & Denoia, LLC <br> 75 Livingston Avenue <br> Roseland, NJ  07068 <br> TEL: (973) 422-9200 <br> FAX:  (973) 422-9700 <br><br> Attorney for Plaintiffs | Amy Luria <br> Critchley, Kinum & Denoia, LLC <br> 75 Livingston Avenue <br> Roseland, NJ  07068 <br> TEL: (973) 422-9200 <br> FAX:  (973) 422-9700 <br><br> Attorney for Plaintiffs | Robert Steiner <br> Kelley Drye & Warren LLP <br> 101 Park Avenue <br> New York, NY  10178 <br> TEL:  (212) 808-7533 <br> FAX:  (212) 808-7897 <br><br> Attorney for Plaintiffs |

---

[1] http://www.njd.uscourts.gov/sites/njd/files/forms/R16DiscoveryPlan.pdf

| | | |
|---|---|---|
| Jonathan Cooperman<br>Kelley Drye & Warren LLP<br>101 Park Avenue<br>New York, NY 10178<br>TEL: (212) 808-7533<br>FAX: (212) 808-7897<br><br>Attorney for Plaintiffs | Alaina Ingram<br>Kelley Drye & Warren LLP<br>101 Park Avenue<br>New York, NY 10178<br>TEL: (212) 808-7533<br>FAX: (212) 808-7897<br><br>Attorney for Plaintiffs | Kristina M. Allen<br>Kelley Drye & Warren LLP<br>101 Park Avenue<br>New York, NY 10178<br>TEL: (212) 808-7533<br>FAX: (212) 808-7897<br><br>Attorney for Plaintiffs |
| Larry Malm<br>Cleary Gottlieb<br>2000 Pennsylvania Avenue NW<br>Washington, DC 20006<br>TEL: (202) 974-1500<br>FAX: (202) 974-1999<br><br>Attorney for Plaintiffs | David Gelfand<br>Cleary Gottlieb<br>2000 Pennsylvania Avenue NW<br>Washington, DC 20006<br>TEL: (202) 974-1500<br>FAX: (202) 974-1999<br><br>Attorney for Plaintiffs | Kelly Bahlke<br>Cleary Gottlieb<br>2000 Pennsylvania Avenue NW<br>Washington, DC 20006<br>TEL: (202) 974-1500<br>FAX: (202) 974-1999<br><br>Attorney for Plaintiffs |
| Arnold B. Calmann<br>Saiber LLC<br>One Gateway<br>10th Floor, Suite 1000<br>Newark, NJ 07102<br>TEL: 973-622-3333<br>FAX: 973-286-2465<br><br>Attorney for Defendant | Jeffrey Soos<br>Saiber LLC<br>One Gateway<br>10th Floor, Suite 1000<br>Newark, NJ 07102<br>TEL: 973-622-3333<br>FAX: 973-286-2465<br><br>Attorney for Defendant | Katherine Escanlar<br>Saiber LLC<br>One Gateway<br>10th Floor, Suite 1000<br>Newark, NJ 07102<br>TEL: 973-622-3333<br>FAX: 973-286-2465<br><br>Attorney for Defendant |
| Jakob Halpern<br>Saiber LLC<br>One Gateway<br>10th Floor, Suite 1000<br>Newark, NJ 07102<br>TEL: 973-622-3333<br>FAX: 973-286-2465<br><br>Attorney for Defendant | Steven Benz<br>Kellogg, Hansen, et al.<br>Summer Square<br>1615 M Street, N.W.<br>Suite 400<br>Washington, DC 20036<br>TEL: 202-326-7900<br>FAX: 202-326-7999<br><br>Attorney for Defendant | Stefan Hasselblad<br>Kellogg, Hansen, et al.<br>Summer Square<br>1615 M Street, N.W.<br>Suite 400<br>Washington, DC 20036<br>TEL: 202-326-7900<br>FAX: 202-326-7999<br><br>Attorney for Defendant |
| Benjamin Rudofsky<br>Kellogg, Hansen, et al.<br>Summer Square<br>1615 M Street, N.W.<br>Suite 400<br>Washington, DC 20036<br>TEL: 202-326-7900<br>FAX: 202-326-7999<br><br>Attorney for Defendant | William J. Conyngham<br>Kellogg, Hansen, et al.<br>Summer Square<br>1615 M Street, N.W.<br>Suite 400<br>Washington, DC 20036<br>TEL: 202-326-7900<br>FAX: 202-326-7999<br><br>Attorney for Defendant | Tonia Ouellette Klausner<br>Wilson Sonsini Goodrich & Rosati, PC<br>1301 Avenue of the Americas<br>40th Floor<br>New York, NY 10019-6022<br>TEL: 212-999-5800<br>FAX: 212-999-5899<br><br>Attorney for Defendant |

| Charles Tait Graves<br>Wilson Sonsini Goodrich & Rosati, PC<br>1 Market Plaza, Spear Tower, Suite 3300<br>San Francisco, CA  94105-1126<br>TEL:  415-947-2000<br>FAX:  415-947-2099<br><br>Attorney for Defendant | Joel C. Boehm<br>Wilson Sonsini Goodrich & Rosati, PC<br>900 S. Capital of Texas Hwy<br>Las Cimas IV, 5th Floor<br>Austin, TX  78746-5546<br>TEL:  512-338-5400<br>FAX:  512-338-5499<br><br>Attorney for Defendant | Ziwei Xiao<br>Wilson Sonsini Goodrich & Rosati, PC<br>650 Page Mill Road<br>Palo Alto, CA  94304-1050<br>TEL:  650-493-9300<br>FAX:  650-493-6811<br><br>Attorney for Defendant |
|---|---|---|

**2.     Set forth a brief description of the case, including the causes of action and affirmative defenses asserted.**

Each side asserts multiple claims for relief, as detailed immediately below. Each side has also moved to dismiss at least some of the other side's claims for relief pursuant to Fed. R. Civ. P. 12(b)(6). Veeva's motion to dismiss is ECF No. 9. IMS's motion to dismiss is ECF No. 44. In addition, Veeva has answered IMS's complaint and asserted affirmative defenses [ECF No. 12]. IMS has not answered Veeva's counterclaim complaint.

*IMS's Claims and Veeva's defenses*

- ● *IMS's Claims*:  IMS contends that Veeva has, and continues to, engage in blatant corporate theft and unlawful use of IMS's proprietary market research offerings as well as unfair competition and false advertising. Specifically, IMS alleges that Veeva is engaged in an elaborate scheme to steal IMS's trade secrets to (1) wrongfully improve Veeva's competing technology offerings, (2) wrongfully enhance Veeva's competing healthcare professional data services, and (3) compete unfairly with IMS. IMS brings this action alleging (1) federal theft of trade secrets (Count I); (2) theft of trade secrets pursuant to New Jersey Stat. Ann. § 56:15 (Count II); (3) tortious interference with contract (Count III); (4) federal false and misleading advertising (Count IV); (5) unfair trade practices (Count V); and (6) unjust enrichment (Count VI).

- ***Veeva's Defenses to IMS's Claims***:  Veeva has moved under Fed. R. Civ. P. 12(b)(6) to dismiss (1) IMS's federal claim for trade secret misappropriation, (2) IMS's state law claim for trade secret misappropriation, and (3) IMS's state law claims for tortious interference with contract, common law unfair trade practices, and unjust enrichment.  Choice of law is an issue for IMS's state law claims.  Veeva contends that California law governs these claims.

Veeva has also raised the following defenses / affirmative defenses:  IMS has failed to state any claim upon which relief can be granted; laches, waiver, and estoppel; unclean hands; unenforceability because Veeva's statements were literally true and/or not misleading or material at the time they were made; failure to mitigate damages; no legal basis for punitive damages; statute of limitations; the alleged IMS information at issue is readily ascertainable; independent derivation; privilege of competition; the implied license doctrine; and reliance upon a previous release.  In addition, Veeva believes that IMS has acted in bad faith under the state and federal trade secret statutes, and will therefore seek all fees and costs permitted by state and federal statutes.

***Veeva's Counterclaims and IMS's Defenses***

- ***Veeva's Counterclaims***:  Veeva contends that IMS is abusing its monopoly power as the dominant provider of data products for life sciences companies by preventing Veeva from providing data products and software applications to such companies.  As set out in Veeva's Answer and Counterclaims (ECF No. 12), Veeva brings counterclaims against IMS under Sections 1 and 2 the Sherman Act, 15 U.S.C. §§ 1-2, (Claims 1-5); California's torts of interference with contract and prospective economic advantage (Claims 6-7); California's Cartwright Act, Cal. Bus. & Prof. Code § 16700, *et seq*. (Claim 8); and California's Unfair Practices Act, Cal. Bus. & Prof. Code § 17200, *et seq*. (Claim 9).  Veeva seeks damages,

declaratory and injunctive relief, reasonable attorneys' fees, pre- and post-judgment interest, and any other relief the Court may deem proper.

- ***IMS's Defenses to Veeva's Counterclaims***: IMS has moved under Fed. R. Civ. P. 12(b)(6) to dismiss Veeva's federal antitrust and state law counterclaims. IMS contends that IMS's alleged conduct does not violate the federal antitrust laws, as IMS has no duty to provide Veeva with access to IMS's proprietary market research offerings. Veeva's claims are also inadequately supported by factual allegations. Veeva's state law claims are incorrectly brought under California law and fail due to the absence of a viable federal antitrust claim.

3. **No settlement discussions have taken place.**

4. **The parties have met pursuant to Fed. R. Civ. P. 26(f) on July 25, 2017.**

Participating in the conference were the following attorneys:

- For IMS: Michael Critchley; Amy Luria; Robert Steiner; Jonathan Cooperman; Larry Malm

- For Veeva: Arnold Calmann; Katherine Escanlar; Steve Benz; Stefan Hasselblad; Benjamin Rudofsky; Bill Conyngham; Tait Graves; Joel Boehm

5. **The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1) on July 12, 2017.**

6. **Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).**

On July 21, 2017, IMS counsel submitted a letter to Veeva's Counsel complaining of certain alleged deficiencies in Veeva's initial disclosures. Veeva responded by letter on July 28, 2017, disputing IMS's allegations and raising the alleged deficiencies in IMS's initial disclosures. IMS further responded by letter on August 4, 2017. If the parties are unable to resolve any issues remaining after the parties supplement their disclosures and continue to confer, the parties intend to ask the Court to intervene.

**7.     A description of all discovery conducted by the parties to date:**

On July 25, 2017, following the Rule 26(f) conference, Veeva served its first set of Interrogatories and Requests for Production on IMS.

● *Trade Secret Claim Identification*: On July 24, 2017, Veeva served IMS with a notice requesting identification of IMS's alleged trade secrets prior to the initial Scheduling Conference in this matter set for August 16. IMS objected to that notice. In a letter to the Court, Veeva requested that the Court resolve that dispute. On July 28, 2017, the Court conducted a telephonic hearing. Veeva contends that the Court ruled it will not require that IMS provide such a pre-discovery identification before the initial Scheduling Conference. At the conclusion of the call, the Court stated: "Certainly, it will be discussed at the initial conference, and it should be discussed amongst the parties. . . . I appreciate [Veeva's] point. And we'll address it in due course in the Rule 16 conference, and thereafter." July 28, 2017 Hearing Transcript at 11-12.

Veeva respectfully requests that at the Scheduling Conference herein, the Court consider directing IMS to promptly identify with specificity its alleged trade secrets. Such identification would facilitate the Court's consideration of the breadth and scope of pretrial discovery matters, provide guidance to the parties to avoid unnecessary, costly and burdensome discovery, and inform the Court's consideration of the timing of discovery and the pretrial schedule. Veeva submits that without such a particularized identification, how can Veeva and especially the Court know how to evaluate the scope of discovery or to resolve discovery disputes that inevitably will arise in this highly contested matter? In that regard, Veeva wishes to inform Your Honor that Veeva's discovery requests served July 25, 2017 pursuant to Rule 26(d)(1) and Rule 33(a)(2) include contention interrogatories regarding IMS's alleged trade secrets. Veeva looks forward to discussing these issues and the timing of the identification of IMS's alleged trade secrets at the initial Scheduling Conference.

IMS disputes Veeva's characterization of the Court's July 28, 2017 ruling, including that it was limited to denying Veeva's request solely as it relates to requiring such a document prior to holding the Scheduling Conference. IMS opposes Veeva's improper request that the court

essentially reconsider its July 28, 2017 Order. Should Veeva elect to raise this issue with the Court again, IMS is prepared to provide a substantive response if the Court deems it necessary to do so.

**8.     Proposed joint discovery plan:**

    **(a)     Discovery is needed on the following subjects:**

The parties intend to take comprehensive discovery concerning the subject matter of the claims set forth in the parties' operative pleadings.

    **(b)     Whether discovery should be conducted in phases or limited to particular issues?**

The parties do not propose conducting discovery in phases or limiting discovery to particular issues at this time.

    **(c)     Proposed Schedule:**

The parties refer the Court to the proposed discovery schedule set forth in **Exhibit A**, which includes competing proposals in part.

        **(1)     Maximum number of interrogatories by each party to each other party:**

Given the nature of the claims and counterclaims in this litigation, IMS and Veeva may each serve up to fifty (50) interrogatories on the other side, including all discrete subparts.

The parties may serve additional interrogatories by agreement among the parties or by showing good cause to the Court.

        **(2)     Maximum number of fact depositions to be taken by each side:**

Each side may take a maximum of 25 party depositions, excluding Fed. R. Civ. P. 30(b)(6) and expert witnesses. Each side may take a maximum of 15 non-party depositions. Apart from depositions pursuant to Fed. R. Civ. P. 30(b)(6), each individual deposition shall be

limited to a maximum of 7 hours, unless such maximum is increased by agreement of the parties or by order of the Court. When an interpreter is required, each 2 hours of actual deposition time will count as one hour toward the total time permitted (*e.g.*, the 7 hour individual limit would be extended to 14 hours).

[IMS Proposal:] Where a deposition is taken of a non-party and the other side cross notices the deposition, each side will be allotted 3.5 hours for questioning of the non-party witness, unless the noticing party does not use its entire allotted time, in which case the cross noticing party may use its 3.5 hours plus any additional time.

[Veeva Proposal:] Veeva does not agree that a cross-notice of deposition may operate to restrict the time for a non-party deposition by the party originally noticing that deposition, and thus proposes that no such restrictions be entered.

The parties may take additional depositions by agreement among the parties or by showing good cause to the Court.

> **(3)** **Amendments to the pleadings without leave of Court shall not be permitted.**
>
> **(4)** **Completion of Document Production.**

[IMS Proposal:] IMS proposes that the parties make rolling productions of documents and work in good faith endeavor to complete document productions by January 26, 2018. To the extent additional documents are produced after this date, notwithstanding the parties' good faith efforts, such documents must be provided no less than two weeks prior to any scheduled deposition, unless otherwise agreed to by the parties.

[Veeva Proposal:] Veeva proposes that substantial completion of document production occur by January 26, 2018. Subject to any obligation of the parties to supplement discovery under the Federal Rules or the Rules of this Court, and absent agreement between the parties, any

substantial number of documents produced by a party after the foregoing scheduled date must not be documents that could otherwise have been discovered or produced earlier in this case, as must be demonstrated to the Court by the producing party upon any objection to such production by the non-producing party.  Any documents sought to be produced after the foregoing date that exceed an insubstantial number of documents shall be barred from the producing party's use in this case absent a showing to the Court of good cause for such belated production, and lack of prejudice to the non-producing parties, but this restriction on use shall not apply to other parties in this case.

    **(5)**    **Merits Expert Reports**

  The parties propose that opening expert reports and rebuttal expert reports are due in accordance with the dates sets forth in Exhibit A.

  **[IMS proposal:]**  All expert depositions shall take place after expert reports and rebuttal reports are served, pursuant to the schedule set forth in Exhibit A.

  **[Veeva proposal:]**  The parties shall make experts serving opening reports available for deposition at least 3 weeks prior to the deadline for responsive expert reports.

  **(d)**    **Set forth any special discovery mechanism or procedure requested.**

  Service by E-mail: The parties agree to accept service of letters, discovery requests and responses, and other documents (except in the case of documents required to be filed with the Court electronically, the service of which is governed by the Local Civil Rules, or documents that are too voluminous for email) in PDF format via an email listserv address previously designated by each of the parties. The parties further agree that service via this method is deemed to have occurred on the date received, so long as such is received on or before 11:59 p.m. Eastern Time.

Additional mechanisms and procedures proposed by the parties are described elsewhere herein, including with respect to a separate confidentiality order, and an order regarding electronically stored information (ESI).

In addition to any provisions regarding privilege logs pursuant to Fed. R. Civ. P. 26(b)(5) included therein, privilege logs shall be provided on a rolling basis within 30 days of any document production from which information has been held due to a privilege claim.

    **(e)**     **A pretrial conference may take place on a date to be determined by the Court.**

    **(f)**     **Trial date to be set by the Court. A jury trial is demanded on all issues appropriate for submission to a jury.**

**9.**     **Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)?**

The parties believe that some discovery will need to take place of witnesses located outside of the United States, which may create some delays in obtaining documents and depositions.

**10.**     **Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?**

The parties have conferred regarding electronic discovery. Due to the nature of this action, the parties will need to seek and produce a significant volume of electronically stored information (ESI). Contemporaneous with filing this Joint Discovery Plan, the parties are submitting a largely agreed-upon **Order Concerning the Production of Electronically Stored Information** for the Court's review. That document contains competing proposals regarding: (i) how far back in time ESI or backup media must be preserved; and (ii) whether to include language about cost-shifting for disproportionate ESI requests. To the extent the Court wishes, the parties would propose that they simultaneously submit short letter briefs regarding their

competing proposals. Of course, the parties are happy to address this issue in any other manner the Court prefers.

**11.     Do you anticipate entry of a Discovery Confidentiality Order?**

Due to the nature of this action, the parties will need to seek and produce confidential technical and business documents for which the respective parties have gone to great lengths to safeguard and protect the confidentiality of the documents and information because disclosure would pose a substantial risk of irreparable harm to their proprietary interests, as well as documents that implicate non-party interests. Contemporaneous with filing this Joint Discovery Plan, the parties are submitting a largely agreed-upon **<u>Confidentiality Order</u>**. That document contains competing proposals on three issues:

- The extent to which in-house counsel and party employees may access materials designated under the Confidentiality Order;
- Whether to include a provision regarding Veeva employees having access to pertinent portions of any IMS identification of its alleged trade secrets; and
- Whether experts must be disclosed, and opportunity for objection provided, before such experts may review the other side's materials designated under the Confidentiality Order.

To the extent the Court wishes, the parties would propose that they simultaneously submit short letter briefs regarding their competing proposals. Of course, the parties are happy to address these issues in any other manner the Court prefers. Pending entry of a discovery confidentiality order, discovery and disclosures deemed confidential by a party shall be produced to the adverse party on an "Outside Counsel Eyes Only" basis.

**12.**  **Do you anticipate any discovery problem(s) not listed above?**

The parties do not anticipate any additional discovery problems at this time.

**13.**  **State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise), mediation (pursuant to Local Civil Rule 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).**

The parties do not believe that alternative methods of resolution such as arbitration and mediation are appropriate at this time. However, an interim status settlement conference (with clients in attendance) may be appropriate to conduct after the completion of fact discovery.

**14.**  **Is this case appropriate for bifurcation?**

The parties do not believe at this time that bifurcation is appropriate for this case.

**15.**  **An interim status settlement conference (with clients in attendance) may be appropriate to conduct after the completion of fact discovery.**

**16.**  **At present, the parties do not consent to the trial being conducted by a Magistrate Judge.**

**17.**  **Identify any other issues to address at the Rule 16 Scheduling Conference.**

None.

Dated:  August 11, 2017

Respectfully submitted,

KELLEY DRYE & WARREN LLP

s/ *Robert I. Steiner*
Robert I. Steiner
Jonathan K. Cooperman
(admitted *pro hac vice*)
Alaina Ingram
One Jefferson Road, 2nd Floor
Parsippany, New Jersey 07054
Tel:  (973) 503-5900
Fax:  (973) 503-5950
rsteiner@kelleydrye.com

SAIBER LLC

s/ *Arnold B. Calmann*
Arnold B. Calmann (abc@saiber.com)
Jeffrey Soos (js@saiber.com)
Jakob B. Halpern (jbh@saiber.com)
Katherine A. Escanlar (kae@saiber.com)
One Gateway Center
10th Floor, Suite 1000
Newark, New Jersey 07102
(973) 622-3333

jcooperman@kelleydrye.com
aingram@kelleydrye.com

CRITCHLEY, KINUM & DENOIA, LLC
Michael Critchley
Amy Luria
75 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 422-9200
Fax: (973) 422-9700
mcritchley@critchleylaw.com
aluria@critchleylaw.com

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
David I. Gelfand
Carl Lawrence Malm
Kelly Bahlke
(admitted pro hac vice)
200 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: (202) 974-1500
Fax: (202) 974-1999
dgelfand@cgsh.com
lmalm@cgsh.com
kbahlke@cgsh.com

*Attorneys for Plaintiffs-Counterclaim Defendants Quintiles IMS Inc. and IMS Software Services, Ltd.*

Charles Tait Graves
Joel C. Boehm
WILSON SONSINI GOODRICH &ROSATI
Professional Corporation
One Market Plaza, Spear Tower, Suite 3300
Telephone: (415) 947-2000
tgraves@wsgr.com
jboehm@wsgr.com

Steven F. Benz
Benjamin L. Rudofsky
Stefan J. Hasselblad
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
sbenz@kellogghansen.com
brudofsky@kellogghansen.com
shasselblad@kellogghansen.com

*Attorneys for Defendant/ Counterclaim Plaintiff Veeva Systems Inc.*

**EXHIBIT A**

| Event | IMS's Proposed Date (day of the week) | Veeva's Proposed Date (day of the week) |
|---|---|---|
| Parties Submit Joint Discovery Plan | August 11, 2017 (F) ||
| Parties submit proposed Confidentiality Order to the Court | August 11, 2017 (F) ||
| Parties submit proposed Order Concerning the Production of Electronically Stored Information | August 11, 2017 (F) ||
| Rule 16 Scheduling Conference | August 16, 2017 (W) ||
| Completion of Document Production | Good Faith Effort to Complete Document Production<br><br>January 26, 2018 (F) | Substantial completion of document production<br><br>January 26, 2018 (F) |
| Motions to Amend or Add Parties | January 26, 2018 (F) | March 2, 2018 (F) |
| Close of fact discovery | July 27, 2018 (F) | June 29, 2018 (F) |
| Opening expert reports due on claims and defenses for which the party bears the burden of proof | September 14, 2018 (F) | August 31, 2018 (F) |
| Rebuttal expert reports due | November 16, 2018 (F) | November 2, 2018 (F) |
| Close of expert discovery | January 11, 2019 (F) | December 21, 2018 (F) |
| Deadline to file dispositive motions | March 1, 2019 (F) | February 8, 2019 (F) |
| Parties submit proposed Final Pretrial Order to the Court | TBD ||
| Final Pretrial Conference | TBD ||
| Trial | TBD ||