# KELLEY DRYE & WARREN LLP

A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**

**NEW YORK, NY 10178**

(212) 808-7800

WASHINGTON, DC
LOS ANGELES, CA
CHICAGO, IL
HOUSTON, TX
AUSTIN, TX
PARSIPPANY, NJ
STAMFORD, CT
BRUSSELS, BELGIUM

AFFILIATE OFFICE
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

JONATHAN K. COOPERMAN
DIRECT LINE: (212) 808-7534
EMAIL: jcooperman@kelleydrye.com

November 21, 2017

**BY EFILE**
The Honorable Mark Falk, U.S.M.J.
United States District Court
Frank R. Lautenberg U.S. P.O & Courthouse
1 Federal Square
Newark, N.J. 07102

      Re:    *Quintiles IMS Inc., et al. v. Veeva Systems, Inc.*
              Civil Action No. 2:17-cv-00177-CCC-MF

Dear Judge Falk:

      Along with co-counsel Critchley, Kinum & Denoia LLC and Cleary Gottlieb Steen & Hamilton LLP, we represent Plaintiff Quintiles IMS Inc. and IMS Software Services, Ltd. ("IMS") in the above matter. We write in response to the November 17, 2017 letter from counsel for Veeva Systems Inc. ("Veeva") seeking permission to file a Rule 12(c) motion directed at Count IV in IMS's Complaint alleging false advertising under the Lanham Act. IMS strongly objects to this request for the following reasons:

      IMS commenced this lawsuit by filing its Complaint on January 10, 2017. Veeva brought a Rule 12(b)(6) motion to dismiss on March 13, 2017. Veeva's Rule 12(b)(6) motion was directed at each and every claim in the Complaint ***except for IMS's Lanham Act claim***. In its 12(b)(6) motion, Veeva argued for the dismissal of many of IMS's claims due to legal

**KELLEY DRYE & WARREN LLP**

The Honorable Mark Falk, U.S.M.J.
November 21, 2017
Page Two

deficiency. Now, eight months after filing its motion to dismiss pursuant to Rule 12(b)(6), and approximately three weeks after the Court's denial of that motion, Veeva seeks to bring a motion pursuant to Rule 12(c) to dismiss IMS's Lanham Act claim due to alleged legal deficiency. Despite that Veeva could have sought to dismiss IMS's Lanham Act claim in its first motion to dismiss pursuant to Rule 12(b)(6), Veeva provides no legitimate explanation for waiting to bring its current proposed motion.

Thus, it appears that Veeva did not challenge the Lanham Act claim in its Rule 12(b)(6) motion for tactical reasons. It appears that Veeva chose to answer that claim so that it could simultaneously bring antitrust counterclaims. Veeva should not be permitted to now raise a legal issue that it could have raised eight months ago before the discovery process commenced.

During last week's phone call with Your Honor, Veeva's counsel stated that the Rule 12(c) motion could narrow issues for discovery. But that explanation makes no sense. The parties have been engaging in the discovery process since at least July. If the purpose of this motion was to streamline discovery, a Rule 12(c) motion could have been brought shortly after the Rule 12(b)(6) motion, well before the discovery process started. Given the time that it will take to fully brief this motion, and the understandable time it will take for the motion to be decided, there will be no benefit to the discovery process, particularly because there would be no legitimate grounds to stay discovery based on the motion.

On the merits, Veeva had good reason not to challenge the sufficiency of the Lanham Act claim in its Rule 12(b)(6) motion. The Complaint contains extensive allegations

**KELLEY DRYE & WARREN LLP**

The Honorable Mark Falk, U.S.M.J.
November 21, 2017
Page Three

about Veeva's false and misleading advertising. For example, the Complaint details false statements made on Veeva's own website about Veeva's claimed operational safeguards and controls to protect IMS Healthcare Professional Data, with the goal of having life sciences companies pressure IMS into relinquishing IMS Healthcare Professional Data to be used with Veeva applications. In reality, the operational safeguards and controls advertised by Veeva do not exist. (Complaint at ¶¶ 102-18; 157-62.)

Evidence regarding Veeva's lack of safeguards and controls is also directly relevant to IMS's theft of trade secret claims. Accordingly, even if Veeva's Rule 12(c) motion was somehow successful, the same areas will still need to be covered in discovery. A Rule 12(c) motion will therefore be of no potential benefit to the discovery process.

Finally, the one case cited by Veeva, *Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc.*, 653 F.3d 241, 248 (3d Cir. 2011), did not involve the sufficiency of pleading, but was instead an appeal of a bench trial decision. Veeva's quoted language involved the elements that a Lanham Act plaintiff must prove at trial, not the adequacy of a Lanham Act pleading. Citing the *Pernod Ricard* case, Veeva states that IMS must plead "injury to the plaintiff in terms of declining sales, loss of good will, etc.". The full quote actually states that a plaintiff must prove "<u>that there is a likelihood of</u> injury to the plaintiff in terms of declining sales, loss of good will, etc." (omitted language underscored). In other words, the actual injury that Veeva claims is required in a pleading need not even be proved at trial. And, IMS more than adequately pleads that Veeva's false statements about Veeva's alleged protection of IMS Healthcare Professional

**KELLEY DRYE & WARREN LLP**

The Honorable Mark Falk, U.S.M.J.
November 21, 2017
Page Four

Data have caused, and are likely to cause, among other things, confusion, mistake and deception for life sciences companies.

      In short, IMS respectfully requests that this Court not allow Veeva to file a Rule 12(c) motion.

                                      Respectfully submitted,

                                      Jonathan K. Cooperman

cc: Counsel of record