UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| IQVIA, INC. and IMS SOFTWARE SERVICES, LTD.,<br><br>　　　　Plaintiffs –<br>　　　　Counterclaim Defendants,<br><br>　　v.<br><br>VEEVA SYSTEMS INC.,<br><br>　　　　Defendant –<br>　　　　Counterclaim Plaintiff. | Civil Action No. 2:17-177 (CCC) (MF)<br><br>Hon. Claire C. Cecchi, U.S.D.J.<br>Hon. Mark Falk, U.S.M.J.<br>Hon. Dennis M. Cavanaugh, Ret. U.S.D.J.<br><br>*Document Electronically Filed* |

**VEEVA SYSTEMS INC.'S BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL RECONSIDERATION**

Arnold B. Calmann (abc@saiber.com)
Jeffrey Soos (js@saiber.com)
Jakob B. Halpern (jbh@saiber.com)
Katherine A. Escanlar (kae@saiber.com)
**SAIBER LLC**
One Gateway Center 10th Floor, Suite 1000
Newark, New Jersey 07102
(973) 622-3333

Steven F. Benz
Benjamin L. Rudofsky
Stefan J. Hasselblad
Daniel S. Severson
**KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
sbenz@kellogghansen.com
brudofsky@kellogghansen.com
shasselblad@kellogghansen.com
dseverson@kellogghansen.com

Charles Tait Graves
Joel C. Boehm
Ziwei Xiao
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
One Market Plaza, Spear Tower, Suite 3300
Telephone: (415) 947-2000
tgraves@wsgr.com
jboehm@wsgr.com
zxiao@wsgr.com

*Attorneys for Defendant/ Counterclaim Plaintiff Veeva Systems Inc.*

**INTRODUCTION**

On March 28, 2017, as Special Master, Your Honor entered an Opinion Regarding Discovery Disputes (ECF No. 115), and a corresponding Order (ECF No. 116). Pursuant to Local Civil Rules 7.1(i) and 72.1(c)(1)(A), Veeva hereby moves to reconsider in part and/or clarify the Opinion and Order, as to a narrow issue concerning only three interrogatories Veeva propounded to IQVIA: Nos. 15, 17, and 18.

For the reasons herein, Veeva respectfully seeks to either correct a factual conclusion by Your Honor regarding those Interrogatories, or to obtain a clarification requiring IQVIA to respond to each as to one narrow issue. *See Cole v. Guardian Life Ins. Co. of Am.*, 594 F. App'x 752, 756 (3d Cir. 2014) (a motion for reconsideration can be premised on a clear error of fact) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

The potential error of fact is simple: when the Opinion ruled that IQVIA need not identify additional trade secret claims at this time or respond to Veeva's discovery aimed at trade secret claims not yet identified, the Order could be read to *also* say that IQVIA need not provide discovery to Veeva as to the one trade secret claim IQVIA *has* already pointed to—the April 2016 Shire incident.

If interpreted in that manner, the ruling would constitute a clear error of fact, because (1) IQVIA has never disputed its ability to respond to Veeva as to the Shire-related trade secret claim; and (2) Veeva specifically sought discovery as to the Shire incident, not just as to *other* trade secret claims not yet identified. Yet the Opinion is silent as to Veeva's motion with respect to Shire-related discovery.

Veeva's Letter Briefs of February 20, 2018, sought an Order to Compel IQVIA to provide two separate types of information. First, Veeva sought a further, more detailed identification of and information relating to *all* of IQVIA's alleged trade secret claims. Second, Veeva sought information within IQVIA's exclusive possession relating to the trade secret claim IQVIA *had* identified in response to Veeva's Interrogatory No. 14—the Shire claim. In response, IQVIA stated that it could not identify additional trade secret claims at present (other

-1-

than Shire), and needed discovery from Veeva before it could respond to certain interrogatories about Shire or any other potential trade secret claims. IQVIA did not, however, represent that it could not answer Interrogatories 15, 17, and 18, which sought basic information about IQVIA's Shire claim. Such information is relevant to Veeva's defenses under Federal Rule of Civil Procedure 26(b)(1), responsive, proportional, and falls within the Special Master's rulings that "IQVIA and Veeva shall respond to discovery concurrently," Order at ¶ 17, and that IQVIA should be ordered "to fully respond to [Interrogatories] by providing full and complete responses to the best of [its] abilities," Opinion at 6-7.

Veeva's Letter Briefs made clear that IQVIA had pointed to the Shire claim, and that Veeva had already responded to discovery about that Shire claim, while IQVIA has not. *See* Veeva's Letter Brief No. 4, Feb. 20, 2018, at 4 ("Veeva produced the extract of data to which Shire mistakenly gave Veeva access on November 29, 2017."); *id.* at 7 (quoting IQVIA's September 2017 discovery response pointing to its Shire-based claim); Veeva's Response to IQVIA, March 8, 2018, at 9 (noting that "Veeva has already provided extensive information about the Shire marketing incident."). And, Veeva specifically asked for discovery about the Shire incident:

> To take an example, the single trade secret claim IQVIA has identified concerns a single incident around April 2016 with a common customer called Shire. But none of IQVIA's answers to the ten interrogatories at issue provide any facts concerning that allegation, even though all ten call for such information. As to Interrogatory No. 15, IQVIA should have identified the public sources from which it obtained the data sold to Shire.

Letter Brief No. 5, Feb. 20, 2018, at 6; *see also id.* at 7 (noting that such information is in IQVIA's exclusive possession); Letter Brief No. 4, at 10 (observing that the Shire claim is postured differently than other discovery disputes).

There should be no dispute that IQVIA can respond, and should respond as fully as it can, about the Shire claim; and that this should include responding to three Veeva interrogatories that depend in no way on any information IQVIA might seek from Veeva. If IQVIA were allowed not to respond to Veeva even as to the one trade secret claim to which IQVIA has pointed, it

would mean that Veeva cannot get discovery even as to a claim both parties know about, and to which Veeva has itself provided discovery responses months ago.

Veeva respectfully requests that Your Honor reconsider or clarify the Opinion to more particularly relate to and direct compliance with Veeva Interrogatories Nos. 15, 17, and 18, as to the Shire incident, and that IQVIA be ordered to provide full responses to these Interrogatories as to the trade secret claim regarding Shire data that IQVIA has already alleged.

### A.    The Interrogatories at Issue.

Each of the three Interrogatories calls for relevant information within IQVIA's exclusive custody, including as to the Shire claim IQVIA has long asserted:

● **Interrogatory No. 15** asks, for IQVIA's trade secret claims identified in No. 14, that IQVIA identify and disclose each outside source from which IQVIA obtained any portion of the alleged trade secret. For the Shire incident IQVIA identified in No. 14, that would mean IQVIA disclosing information in its exclusive custody to identify the outside sources from which it obtained the data that it provided to Shire, and that it alleges Veeva mishandled.

● **Interrogatory No. 17** asks, for IQVIA's trade secret claims, that IQVIA identify and disclose the "steps" that it says it used to "assemble and process" the data from outside sources into the alleged secret. For the Shire incident, that would mean IQVIA disclosing information in its exclusive custody to identify the steps it claims it used to assemble into a trade secret the Shire data it claims Veeva mishandled.

● **Interrogatory No. 18** asks, for IQVIA's trade secret claims, that IQVIA identify and disclose the third parties to whom it disclosed the claimed secret. For the Shire incident, this would mean IQVIA disclosing information in its exclusive possession to identify all third parties to whom it disclosed the claimed trade secret.

### B.    IQVIA's Representation at the March 16 Hearing

As to the Shire claim, these three Interrogatories (Nos. 15, 17, and 18) focus on discovering information that is (1) exclusively held by IQVIA, (2) identifiable immediately by IQVIA without any discovery from Veeva, and (3) relevant and necessary to Veeva's defenses to

IQVIA's claim about the Shire incident. These Interrogatories accordingly fall within the Order's provision that "IQVIA and Veeva shall respond to discovery concurrently." Order ¶ 17.

Separately, the Opinion stated that as to all ten interrogatories Veeva served on IQVIA (including 15, 17, and 18), "IQVIA has represented that it has responded . . . to the best of its ability at this point and that it has no additional information to supply." Opinion at 5.

**IQVIA, however, has *never* represented *as to its Shire claim*** "that it has no additional information to supply." To be sure, IQVIA stated during the March 16, 2018 hearing that it could not provide a further response to certain Veeva Interrogatories. But that statement came during a discussion about potential trade secret claims IQVIA has not yet identified—not about the already-identified Shire claim or Interrogatories 15, 17, and 18. *See* Mar. 16, 2018 Hr'g Tr. 91-92. Your Honor asked IQVIA why it does not "want to answer questions 21 and 22," and IQVIA stated that it has "answered them to the best of our information and belief at this point in time." *Id.* at 91:13-23; *see also id.* at 92:8-17 (confirming this again as to Interrogatories Nos. 21 and 22). But Interrogatories Nos. 21 and 22 are directed at IQVIA's allegations about Veeva wrongdoing, unlike Nos. 15, 17, and 18. Indeed, Your Honor's Opinion did not include any reference to or reliance upon *any* IQVIA representation, submission, or statement that IQVIA "has no additional information to supply" with respect to the Shire incident.

IQVIA has already alleged that Veeva misappropriated an IQVIA trade secret in the April 2016 incident involving Shire, a mutual customer. Exhibit E, IQVIA Response to Veeva Interrogatory No. 14. And, as noted above, Veeva responded to discovery in detail regarding the Shire incident last fall, and produced the data extract at issue for the Shire incident. Thus, with the Shire data in-hand, without doubt IQVIA is capable of answering interrogatories about that data, and about Shire-related information in its exclusive custody. Specifically, IQVIA is fully capable of identifying for No. 15 the sources from which IQVIA obtained the Shire data *it already identified* and of which it undisputedly has a copy; for No. 17 the "steps" used to "assemble and process" that Shire data into an alleged trade secret; and for No. 18 all third parties to whom it disclosed the claimed trade secret it asserts in the Shire data.

That responsive information falls within the Special Master's rulings that "IQVIA and Veeva shall respond to discovery concurrently," Order at ¶ 17, and that IQVIA should be ordered "to fully respond to [Interrogatories] by providing full and complete responses to the best of [its] abilities," Opinion at 6-7.

## C. Veeva's Motion for Partial Reconsideration or Clarification

Local Civil Rule 7.1(i), referenced by Local Civil Rule 72.1(c)(1)(A), permits a motion for reconsideration where a party seeks to identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked[.]"

Here, Veeva respectfully believes that Your Honor overlooked that (1) IQVIA has long pointed to one trade secret claim, the Shire incident; (2) as Veeva made clear in its Letter Briefs, Veeva responded to discovery about the Shire claim months ago; (3) Veeva's interrogatories seek discovery about the Shire claim, not just about other trade secret claims not yet identified; and (4) IQVIA did not represent on March 16 that it was incapable of responding as to the Shire claim, as to information in its exclusive custody. Indeed, Veeva specifically moved for discovery as to the Shire claim, but the Order is silent as to that part of Veeva's motion.

The Opinion provided, on one hand, that the parties "shall respond to discovery concurrently." Opinion at 2. Similarly, it ordered that "Veeva and IQVIA are to fully respond to Interrogatory and Document Requests by providing full and complete responses for relevant information to the best of their abilities." *Id.* at 6-7. Veeva plans to do so, pursuant to the Opinion and Order.

On the other hand, the Order denied Veeva's Letter Motions to compel IQVIA to provide more detailed responses to ten interrogatories (including Nos. 15, 17, and 18). Opinion at 5. That was because Your Honor understood that "IQVIA has represented that it has responded to Interrogatory Nos. 15, 17-23, 25 and 28 to the best of its ability at this point and that it has no additional information to supply." *Id.*

As to Interrogatories Nos. 15, 17, and 18, and as to the Shire claim, however, IQVIA did not make such representations. *See* Mar. 16, 2018 Tr. at 91-92. Nor did IQVIA argue anywhere in its motion papers that it lacked the ability to respond to discovery regarding the Shire incident.

To the contrary, IQVIA's only argument here was that, in general, contention interrogatories are premature. *See* IQVIA March 8, 2018 Brief at 17-19. On that point, the Opinion expressly disagreed, ordering concurrent discovery and ordering responses to the best of IQVIA's ability. Opinion at 6-7.

Your Honor also noted that for some responses, one party has "exclusive custody" of information at issue. Opinion at 5. In particular, the Opinion stated that "IQVIA maintains that it cannot provide comprehensive responses to contention interrogatories regarding liability and damages on a misappropriation theory without the benefit of critical information that is within Veeva's exclusive custody and which Veeva has not produced." *Id*. But that does not apply, and cannot apply, to Veeva Interrogatories Nos. 15, 17, and 18, because they seek information in IQVIA's exclusive custody about alleged trade secrets IQVIA has already identified (*i.e.*, the Shire incident claim). Thus, IQVIA's defense to providing full and complete responses to the three Interrogatories is entirely misplaced and a misdirection from the facts before Your Honor.

Because there is relevant, responsive information that IQVIA can provide immediately as to a trade secret claim that has already been asserted, and because "IQVIA and Veeva shall respond to discovery concurrently," Veeva respectfully requests an order directing IQVIA to respond to Veeva Interrogatories Nos. 15, 17, and 18 to the best of its ability within 30 days of the Special Master's March 28, 2018 Order.

## CONCLUSION

Your Honor ordered concurrent discovery. Veeva believes that because IQVIA has already pointed to its data products and its Shire-related trade secret claim involving such data products, and because Veeva responded to interrogatories and produced the data extract regarding the Shire claim last fall, the March 28 Order should be revised or clarified to provide

that IQVIA must respond within 30 days of that Order to Interrogatories Nos. 15, 17, and 18, as to the April 2016 Shire incident.

Dated:  April 2, 2018

                                      Respectfully Submitted,

                                      By:  s/ Arnold B. Calmann

| | |
|---|---|
| Steven F. Benz | Arnold B. Calmann |
| Benjamin L. Rudofsky | Katherine Ann Escanlar |
| Stefan J. Hasselblad | Jakob Benjamin Halpern |
| Daniel S. Severson | Jeffrey S. Soos |
| KELLOGG, HANSEN, TODD, | SAIBER LLC |
| FIGEL & FREDERICK, P.L.L.C. | One Gateway Center, 10th Floor |
| 1615 M Street NW, Suite 400 | Newark, NJ 07102 |
| Washington, D.C. 20036 | Tel: (973) 622-3333 |
| Tel: (202) 326-7900 | abc@saiber.com |
| Fax: (202) 326-7999 | kae@saber.com |
| sbenz@kellogghansen.com | jbh@saiber.com |
| brudofsky@kellogghansen.com | js@saiber.com |
| shasselblad@kellogghansen.com | |
| dseverson@kellogghansen.com | Charles Tait Graves |
| | Joel C. Boehm |
| | Ziwei Xiao |
| | WILSON SONSINI GOODRICH & ROSATI |
| | Professional Corporation |
| | One Market Plaza, |
| | Spear Tower, Suite 3300 |
| | San Francisco, CA 94105 |
| | Telephone: (415) 947-2109 |
| | tgraves@wsgr.com |
| | jboehm@wsgr.com |
| | zxiao@wsgr.com |

*Attorneys for Defendant-Counterclaim Plaintiff Veeva Systems Inc.*