UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

IQVIA, INC. and IMS SOFTWARE SERVICES, LTD,

    Plaintiffs/ Counterclaim Defendants,

vs.

VEEVA SYSTEMS, INC.,

    Defendant/ Counterclaim Plaintiff.

Case No.: 2:17-CV-00177-CCC-MF

**ORDER AND OPINION OF THE SPECIAL MASTER**

This matter comes before the Special Master by correspondence from Plaintiffs-Counterclaim Defendants IQVIA, Inc. and IMS Software Services, LTD, (collectively "IQVIA") requesting that Defendant-Counterclaim Plaintiff Veeva Systems, Inc. ("Veeva") be ordered not to pursue documents sought in Request No. 15 of the subpoena it served on Symphony Health Solutions Corporation ("Symphony"). After considering the March 30, 2018, correspondence submitted by Mr. Gelfand and the April 2, 2018, correspondence submitted by Mr. Benz, it is the opinion of the Special Master that IQVIA's request is DENIED.

"A Rule 45 subpoena served in conjunction with discovery must fall within the scope of proper discovery under FED. R. CIV. P. 26(b)(1)." Schmulovich v. 1161 Rt. 9 LLC, No. Civ. A. 07-597, 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007) (citing Transcor, Inc. v. Furney Charters, Inc., 212 F.R.D. 588, 591 (D. Kan. 2003)). If a subpoena falls outside the scope of permissible discovery, the Court has authority to quash or modify it upon timely motion by the party served. Id. The scope of discovery in federal litigation is broad and parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense,

1

and information sought by the parties need not be admissible at trial if it is reasonably calculated to lead to discoverable information. Fed. R. Civ. P. 26(b)(1).

By Order and Opinion dated March 28, 2018, the Special Master denied Veeva's request to compel IQVIA to produce certain documents related to a 2013-2016 lawsuit brought against it by Symphony. The Special Master determined that the litigation documents and IQVIA's evaluation of the cost of settlement would unduly burden IQVIA. While the Opinion stated that the information sought was also irrelevant and unlikely to lead to the discovery of admissible evidence, this was directed at Veeva's request for IQVIA's evaluation of the cost of settlement with Symphony. The Special Master did not intend to foreclose Veeva's opportunity to explore the Symphony lawsuit during depositions or seek information from non-parties.

A party to an action has standing to quash or modify a non-party subpoena when it claims a privilege or privacy interest in the information sought from the nonparty. Schmulovich, 2007 WL 2362598, at *2 (citing Thomas v. Marina Assocs., 202 F.R.D. 433, 434–435 (E.D. Pa. 2001)). IQVIA has failed to demonstrate a privilege or privacy interest in the information sought from Symphony. IQVIA's request that Veeva be ordered not to pursue documents sought in Request No. 15 of its subpoena to Symphony is therefore denied.

Date: April 3, 2018

DENNIS M. CAVANAUGH, U.S.D.J. (Ret.)
**Special Master**