UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IQVIA, INC. and IMS SOFTWARE SERVICES, LTD,<br><br>Plaintiffs/ Counterclaim Defendants,<br><br>vs.<br><br>VEEVA SYSTEMS, INC.,<br><br>Defendant/ Counterclaim Plaintiff. | Case No.: 2:17-CV-00177-CCC-MF<br><br>**ORDER AND OPINION OF THE SPECIAL MASTER** |

This matter comes before the Special Master on Defendant-Counterclaim Plaintiff Veeva Systems, Inc.'s ("Veeva") motion to compel Plaintiffs-Counterclaim Defendants IQVIA, Inc. and IMS Software Services, LTD, (collectively "IQVIA") to (1) compel IQVIA to supplement its responses to Veeva's Interrogatory Nos. 4, 8, and 12; and (2) require IQVIA to produce documents related to the United State and global or geographic areas including the United States. After considering the submissions of the parties, based upon the following, it is the opinion of the Special Master that Veeva's motion is **DENIED in part and GRANTED in part.**

## DISCUSSION

### I. *Discovery Standard*

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1). Discoverable material is not limited to that which would be admissible at trial, but also includes any non-privileged information that "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Relevance has been construed

1

liberally under Rule 26(b)(1), to "encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). While relevant information need not be admissible at trial in order to grant disclosure, the burden remains on the party seeking discovery to "show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000). "Discovery is not a fishing expedition." *Arena v. RiverSource Life Ins. Co.*, No. 2:16-CV-5063-JLL-SCM, 2017 WL 6513056, at *2 (D.N.J. Dec. 19, 2017)

In this Circuit, "[i]t is well recognized that the federal rules allow broad and liberal discovery." *Pacitti v. Macy's*, 193 F.3d 766, 777–78 (3d Cir.1999) (citation omitted). Nevertheless, "this right is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir.1999). Pursuant to Rule 26(b)(2)(C)(3), "the court must limit the ... extent of discovery otherwise allowed by these rules ... if it determines that ... the burden [ ] of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(2)(C)(3). Courts consider "the importance of the discovery in resolving the issues" at stake in the case in determining whether the burden of the discovery outweighs its likely benefit. *Id.*

## II. *Interrogatories 4, 8, and 12*

Veeva seeks to compel IQVIA to supplement its responses to Veeva's Interrogatory Nos. 4, 8, and 12.

**Interrogatory No. 4**
Identify any IMS, Cededim, or Reltio employee, independent contractor, agent, or partner who discussed, evaluated, or decided TPA policy, negotiated TPAs with any person, or communicated with customers about TPAs.

**Interrogatory No. 8**
Identify any IMS or Cegedim employee, independent contractor, agent, or partner who discussed, evaluated, proposed, communicated, or negotiated any agreement, understanding, or instruction identified in Interrogatory No. 7.

**Interrogatory No. 12**
Identify any IMS or Reltio employee, independent contractor, agent, or partner who discussed, proposed, negotiated, or approved any agreement identified in Interrogatory No. 11.

The instructions accompanying these interrogatories states in part: "When identifying a person, you shall provide in detail the person's full name, last known residence, last known employer or business affiliation, last known title or business description, last known business address, and if the person is a present or past director or officer, employee, agent, representative, or affiliate of you, all positions, employments, or affiliations held by such a person with you and the dates such positions, employments, or affiliations were held."

Veeva argues that it needs a complete list of names, and for each name, a substantive, good faith response containing the accompanying identifying information requested in the instructions. Veeva maintains that it requires this information in in order to submit a deposition schedule to the Special Master.

IQVIA argues that it provided appropriate responses and objections to these interrogatories. IQVIA believes Veeva's interrogatories are extremely overbroad and that finding individuals who merely discussed, evaluated, or communicated with customers about TPAs would require a time-consuming investigation. Instead, IQVIA maintains that it identified seven individuals who had primary responsibility for client TPA requests for the offerings at issue. IQVIA says it took a similar approach in responding to Interrogatory Nos. 8 and 12. IQVIA further argues that it has offered to supplement its responses as follows:

3

Interrogatory No. 4: IQVIA will identity any additional individuals with material and substantive responsibilities for evaluating and deciding whether to approve TPA requests to license IQVIA market research offerings that are at issue in this litigation.

Interrogatory No. 8: IQVIA will identify any additional individuals with material and substantive responsibilities for negotiating the agreement between IMS and Cegedim.

Interrogatory No. 12: IQVIA will identify any additional individuals with material and substantive responsibilities for negotiating the agreement referenced in response to Interrogatory No. 11.

With respect to Interrogatory No. 4, the Special Master agrees that if IQVIA entered into tens of thousands of TPAs between 2012 and 2017 that it would be unduly burdensome for IQVIA to identify any employee, independent contractor, agent, or partner who discussed, evaluated, or decided TPA policy, negotiated TPAs with any person, or communicated with customers about TPAs. However, the Special Master also agrees that Veeva is entitled to additional information. The Special Master will therefore require IQVIA to provide the identity of IMS, Cededim, or Reltio employees, independent contractors, agents, or partners whose positions largely involved discussion, evaluation, or decisions regarding TPA policy, negotiating TPAs, and communicating with customers about TPAs. To be clear, these individuals are not limited to those with material and substantive responsibilities for evaluating and deciding whether to approve TPA requests to license IQVIA Market Research Offerings that are at issue in this litigation. However, this response need not include individuals with marginal involvement with TPAs. The Special Master will further compel IQVIA to respond to this Interrogatory in accordance with Veeva's accompanying instructions. However, the last known residence of individuals identified need not be provided unless that individual is no longer an employee or agent of IQVIA. Additionally, the positions, employments, or affiliations held by identified individuals need only be detailed from 2012 to present. IQVIA shall provide its response within thirty days of the date of this Order.

4

With respect to Interrogatory No. 8, the Special Master believes it would constitute an undue burden for IQVIA to identify any IMS or Cegedim employee, independent contractor, agent, or partner who discussed, evaluated, proposed, communicated, or negotiated any agreement, understanding, or instruction identified in Interrogatory No. 7. The Special Master will instead order IQVIA to identify any IMS or Cegedim employee, independent contractor, agent, or partner whose position largely involved discussing, evaluating, proposing, communicating, or negotiating any agreement, understanding, or instruction identified in Interrogatory No. 7. The Special Master will further compel IQVIA to respond to this Interrogatory in accordance with Veeva's accompanying instructions. However, the last known residence of individuals identified need not be provided unless that individual is no longer an employee or agent of IQVIA. Additionally, the positions, employments, or affiliations held by identified individuals need only be detailed from 2012 to present. IQVIA shall provide its response within thirty days of the date of this Order.

With respect to Interrogatory No. 12, the Special Master believes it would constitute an undue burden for IQVIA to identify any IMS or Reltio employee, independent contractor, agent, or partner who discussed, proposed, negotiated, or approved any agreement identified in Interrogatory No. 11. The Special Master will instead order IQVIA to identify any IMS or Reltio employee, independent contractor, agent, or partner whose position largely involved discussing, proposing, negotiating, or approving any agreement identified in Interrogatory No. 11. The Special Master will further compel IQVIA to respond to this Interrogatory in accordance with Veeva's accompanying instructions. However, the last known residence of individuals identified need not be provided unless that individual is no longer an employee or agent of IQVIA. Additionally, the positions, employments, or affiliations held by identified individuals need only

be detailed from 2012 to present. IQVIA shall provide its response within thirty days of the date of this Order.

### III. IQVIA Documents Related to Global Markets

In the Special Master's March 28, 2018 Order, IQVIA was ordered to produce documents relevant to the Unites States, geographic areas such as North America that include the United States, and documents that relate to global markets. Veeva argues that IQVIA has not produced any documents related to the United States or global/geographic areas including the United States. Veeva argues that it needs time to digest these documents so that it may decide whether it needs to request additional documents from IQVIA.

IQVIA maintains that it intends to produce documents related to the United States and global/geographic areas including the United States on a rolling basis. IQVIA asserts that its TAR process is well underway. IQVIA explains that the TAR process identifies documents by responsiveness, not by specific issue, thus it is impossible for IQVIA to identify and pull out documents related to the United States from the TAR process and produce them by a date certain outside of IQVIA's rolling productions.

The Special Master will Order IQVIA to produce all documents relevant to the Unites States, geographic areas such as North America that include the United States, and documents that relate to global markets by October 1, 2018. The Special Master's March 28, 2018 Opinion & Order provided that after this discovery was produced and digested, the parties would meet and confer to determine whether additional documents should be produced. The Special Master will order the parties to meet and confer to determine whether additional documents should be produced by December 1, 2018. Since the total number of documents being produced by IQVIA

is unknown to the Special Master, should Veeva require additional time to review the documents, appropriate leave should be sought from the Special Master.

Date: Sept 12, 2018

DENNIS M. CAVANAUGH, U.S.D.J. (Ret.)
**Special Master**