UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IQVIA, INC. and IMS SOFTWARE SERVICES, LTD, <br><br> Plaintiffs/ Counterclaim Defendants, <br><br> vs. <br><br> VEEVA SYSTEMS, INC., <br><br> Defendant/ Counterclaim Plaintiff. | Case No.: 2:17-CV-00177-CCC-MF <br><br><br> **ORDER & OPINION OF THE SPECIAL MASTER** |

This matter comes before the Special Master on Plaintiffs-Counterclaim Defendants IQVIA, Inc. and IMS Software Services, LTD's (collectively "IQVIA") motion to compel Defendant-Counterclaim Plaintiff Veeva Systems, Inc. ("Veeva") to: (1) produce all responsive documents from the Google Drive that any custodian authored, edited, reviewed, accessed, or otherwise had access to, including without limitation the more than 2,000 missing Google Dive documents referenced herein; and (2) provide documentation showing when documents responsive to IQVIA's requests were deleted from the Google Drive. After considering the submissions of the parties, based upon the following, it is the opinion of the Special Master that IQVIA's motion is **GRANTED**.

## DISCUSSION
### Arguments
#### IQVIA Arguments

IQVIA argues that Veeva has failed to produce documents on the Google Drive responsive to its document requests. By way of background, IQVIA asserts that Veeva's counsel and witnesses have confirmed that Veeva's use of the Google Drive was extensive and

1

widespread. A witness has also indicated that the Google Drive is searchable and not difficult to access.

According to IQVIA, Veeva represented that it conducted reasonable searches in its Google Drive for custodial and non-custodial documents, and that with respect to custodial documents, Veeva collected and produced "all of the Google Drive documents a custodian authored, edited, or had access to." However, IQVIA argues that Veeva did not provide any detail into how it conducted such investigation in response to IQVIA's specific request that Veeva explain its collection method. Moreover, IQVIA maintains that despite its request that Veeva "direct us to the documents and/or evidence produced from [the Google Drive]... by bates-number reference," Veeva has not done so and as a result, IQVIA is not aware of any documents produced by Veeva from its Google Drive.

Additionally, IQVIA explains that Veeva has also produced over 2,200 documents that purport to link to or otherwise reference documents from the Google Drive, without actually attaching the documents from the Google Drive. IQVIA has provided examples of these documents which include: (1) the full data inventory spreadsheet recording information Veeva received that contained IQVIA's information from January 1, 2014-September 2015; (2) an excel spreadsheet which appears to have tracked Veeva's training of personnel with access to, for example, IQVIA's information; (3) a document relating to a bulk data change request for a Veeva customer; (4) a document relating to IQVIA matching statistics; and (5) a document relating to IQVIA's MDM TPA restrictions. IQVIA argues that this is akin to producing emails without attachments, which federal courts have disallowed, even when relinking an email to its attachment involves a tedious manual process.

2

IQVIA further argues that Veeva's counsel has represented and Veeva witnesses have testified that documents have been deleted from the Google Drive. According to IQVIA, Veeva employee, Mr. Henley, testified that he was instructed by his manager to delete a 77 page document that provided detailed information about IQVIA's reference information offerings. IQVIA also identified seven specific documents from the Google Drive that were referenced in Veeva documents but were missing from Veeva's productions. IQVIA alleges that Veeva's response confirmed that it had not previously produced any of the seven Google Drive documents; and Veeva represented that four of the seven documents were "likely deleted, presumably in the ordinary course of business." IQVIA asserts that Veeva has not provided additional information regarding the circumstances under which such documents were deleted.

IQVIA argues that the documents at issue are clearly relevant. IQVIA further argues that there is no substantial burden to Veeva in producing these documents. IQVIA maintains that its request is limited to custodian-based discovery from Veeva's Google Drive-specifically, all responsive documents from its Google Drive that any custodian authored, edited, reviewed, accessed, or otherwise had access to. IQVIA argues that the fact that Veeva's Google Drive is a company-wide document system does not exempt it from collection, review, and production. IQVIA argues that federal courts regularly require the production of documents from the Google Drive or similar cloud-based platforms.

IQVIA argues that production of the documents from the Google Drive is proportional to the needs of the case. According to IQVIA, the parties agree that the issues at stake in this litigation are important. Second, the amount in controversy is substantial. With respect to access of documents, only Veeva, and not IQVIA has access to the internal documents stored on Veeva's Google Drive. Fourth, IQVIA argues that Veeva has the resources to collect, review,

3

and produce documents from its Google Drive. Fifth, IQVIA believes the documents on Veeva's Google Drive are very significant to the issues in the case, as evidenced by the fact that the relevance of the documents is likely not in dispute, and given the relevance of the exemplar documents from the Google Drive. Finally, IQVIA argues that during the meet and confer process Veeva did not demonstrate any undue burden or expense associated with the production of documents from its Google Drive.

Finally, with respect to the extent that documents responsive to IQVIA's requests were deleted from the Google Drive, IQVIA argues that Veeva should be ordered to show when the documents were deleted. IQVIA argues that Veeva is not entitled to a presumption that documents were deleted in the ordinary course of business, particularly in light of witness testimony that a document was deleted at the instruction of a supervisor. IQVIA seeks sufficient information to assess whether Veeva's deletion of responsive information occurred in the ordinary course of business.

### Veeva's Arguments

Veeva argues that it has never refused to produce Google Drive documents from the agreed-upon custodians. Veeva argues that because both sides agree that Veeva will produce Google Drive documents from its custodians, the Special Master should deny IQVIA's motion to compel.

Veeva argues that IQVIA's motion should be denied because it is untimely and the parties have not reached impasse. Veeva argues that what IQVIA now requests in its motion is different from its demands throughout the meet and confer process. Veeva argues that during the meet and confer process, IQVIA requested that Veeva collect and produce Google Drive documents from all Veeva employees. Veeva maintains that it objected that such broad requests were unduly burdensome and disproportionate in that the parties had agreed to custodian-based

4

discovery, not company-wide discovery. Veeva argues that because the parties have not reached impasse on the production of custodial documents from Google Drive, IQVIA's motion to compel should be denied.

Veeva argues that it has already collected and produced over 11,000 responsive Google Drive documents from the agreed upon custodians and that it will continue to do so. Veeva explains that after it collected Google Drive documents, a date filter was applied to exclude documents outside the discovery period. However, Veeva's investigations have recently discovered that Google Drive overwrote date-related metadata during the initial collection. As a result, the date filter excluded documents that should not have been excluded. Veeva maintains that it is working diligently to produce these additional responsive documents.

With respect to linked documents, Veeva argues that IQVIA's contentions that Veeva must produce all documents referenced in emails has no legal basis and misunderstands how email and the internet work. Veeva argues that the law does not require it to produce the targets of Google Drive links contained in already produced emails. Veeva maintains that courts require that attachments to emails be produced with their corresponding emails because that is how they are kept in the usual course of business. Veeva argues that that scenario is distinguishable and not akin to producing emails with Google Drive links that outsiders cannot access. Veeva explains that Veeva's email servers do not archive a copy of the target of a Google Drive link in the email and that doing so may be impossible as Google Drive links point not only to documents but also to folder structures.

Veeva further argues that certain documents IQVIA seeks were deleted before Veeva instituted its litigation hold. Veeva contends that it investigated specific documents IQVIA cited during the meet and confer process. According to Veeva, these documents dated back to 2013 or

2014. For five of the documents, Veeva asserts that it attempted to locate them but received an error message that they had been deleted. Based on Veeva's investigation, the documents were deleted before Veeva instituted a litigation hold in the matter. Veeva explains that it uses Google eDiscovery Vault to preserve Google Drive documents but that Google Drive only offers preservation back to the time of its activation, in this case December 9, 2016. Veeva argues that nothing suggests that these deletions occurred other than in the ordinary course of business and that given the capabilities of the technology at issue, no information is available. Veeva rejects IQVIA's assertion that there was an incident where a Veeva employee was instructed to delete documents from Google Drive arguing that the employee was not certain which database the document had been stored in.

### IQVIA's Reply Arguments

IQVIA argues that Veeva's admission that it has failed to produce responsive documents from its Google Drive and that it is willing to produce an unidentified subset of such documents does not obviate the need for a court order. Thus IQVIA requests that Veeva be ordered to produce all responsive documents from the Google Drive that any custodian authored, edited, reviewed, accessed, or otherwise had access to, including any documents from the Google Drive that are linked to or referenced in other documents produced by Veeva.

IQVIA argues that Veeva's opposition does not identify the documents being produced or indicate the volume of the production or the time frame in which the documents will be produced. Moreover, IQVIA argues that Veeva appears to still be refusing to produce documents from the Google Drive that were liked to or referenced in documents produced by Veeva, which include at least the 2,000 plus documents set forth in Attachment 1 to IQVIA's motion to compel.

IQVIA takes issue with Veeva's assertion that the five documents discussed herein were deleted prior to December 9, 2016, and that Veeva has no documentation relating to same. IQVIA further argues that it does not appear that Veeva has investigated the extent or timing of the deletion of the remaining 2,000 plus missing documents. IQVIA believes Veeva's responses are inadequate and that Veeva should be required to provide available information and documentation identifying when documents responsive to IQVIA's requests were deleted from the Google Drive.

IQVIA asserts that its motion is timely. IQVIA argues that Veeva's inaccurate representation as to the completeness of its production during the meet and confer process is what resulted in an impasse between the parties. IQVIA argues that Veeva's claim that it had produced all responsive custodial documents from its Google Drive, when it demonstrably and admittedly had not, amounted to a refusal to produce the missing documents.

With respect to the documents that still exist, IQVIA argues that Veeva should produce them. Furthermore, IQVIA argues that Veeva should search for and produced each linked or referenced document from the Google Drive that still exists. IQVIA asserts that Veeva has no legitimate reason not to produce this information. IQVIA argues that Veeva did not respond to its arguments that such documents are clearly relevant, and that production is not unduly burdensome and is otherwise proportional. Moreover, IQVIA points to *Pom Wonderful LLC v. Coca-Cola Co.*, 2009 WL 10655335 (C.D. Cal. Nov. 30, 2009), to argue that courts require emails and attachments to be produced together even if that is not how they are stored in the usual course of business. IQVIA argues that it does not have the ability to identify which documents from Google Drive belong with the emails linking to such documents, only Veeva is able to link the emails to the documents from Google Drive.

IQVIA further argues that Veeva should be ordered to produce the documentation it has showing when documents were deleted from its Google Drive. According to IQVIA, Veeva concedes that five of the seven documents raised during the meet and confer process have been deleted as well as an unspecified number of the 2,000 plus missing linked or referenced documents that Veeva represents are no longer available.

With respect to the five deleted documents that came to light during the meet and confer process, Veeva represented that these documents were deleted prior to December 9, 2016. IQVIA believes that Veeva has a record of all documents deleted from its Google Drive on or after December 9, 2016, and should therefore be able to definitively state whether these five documents were deleted before or after that date. IQVIA further argues that Veeva appears to have only investigated the deletion of the five documents raised during the meet and confer, and not the 2,000 plus missing linked or referenced documents, even though Veeva concedes that some of the 2,000 missing documents are similarly no longer available.

With respect to Veeva's representation that no further information is available, IQVIA argues that Veeva does not appear to have taken readily available steps to confirm that, such as inquiring into whether any of its system administrators opened a copy of the Drive Audit Log from the Google Drive before December 9, 2016. The Drive Audit Log records file activity within the Google Drive, including when documents were created and deleted, for the last six months. IQVIA thus argues that Veeva should be ordered to provide available information and documentation in its possession, custody, or control as to when the five documents raised during the meet and confer and each of the missing linked or referenced documents were deleted from the Google Drive (including copies of Drive Audit Logs from before December 9, 2016, or documentation from Google Vault on or after December 9, 2016).

## Opinion

Federal Rule of Civil Procedure 26(b)(1) provides that a party may obtain discovery regarding "any nonprivileged material that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." It is "well recognized that the federal rules allow broad and liberal discovery." *Pacini v. Macy's*, 193 F.3d 766, 777-78 (3d Cir. 1999). Relevance is a broader inquiry at the discovery stage than at the trial stage, see *Nestle Food Corp. v. Aetna Cos. & Surety Co.*, 135 F.R.D. 101, 103 (D.N.J. 1990), and "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000).

While relevant information need not be admissible, the burden remains on the party seeking discovery to "show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000). When establishing the parameters of discovery relevance, it is the claims and defenses of the parties, in the Complaint and other pleadings, which set the guardrails for discoverable information. *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Becton, Dickinson & Co.*, No. CV 14-4318 (CCC), 2019 WL 1771996, at *3 (D.N.J. Apr. 23, 2019).

A court may deny a discovery request if "[a]fter assessing the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues, . . . there exists a likelihood that the resulting benefits would be outweighed by the burden or expenses imposed as a consequence of

the proposed discovery." *Salamone v. Carter's Retail, Inc.*, No. CIV.A. 09-5856 GEB, 2011 WL 310701, at *10 (D.N.J. Jan. 28, 2011), aff'd, No. CIV.A. 09-5856 GEB, 2011 WL 1458063 (D.N.J. Apr. 14, 2011) (citing *Takacs v. Union Cty.*, No. CIVA 08-711 KSH/MAS, 2009 WL 3048471, at *1 (D.N.J. Sept. 23, 2009)). "The purpose of this rule of proportionality is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry." *Takacs v. Union Cty.*, No. CIVA 08-711 KSH/MAS, 2009 WL 3048471, at *3 (D.N.J. Sept. 23, 2009) (citing *Bowers v. Nat'l Collegiate Athletic Ass'n*, No. CIV. A. 97-2600 JBS, 2008 WL 1757929, at *6 (D.N.J. Feb. 27, 2008)). A party resisting discovery on the grounds of burden or expense "bears the burden of showing specifically how the request is burdensome." *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 2010 WL 4922701, at *3 (W.D. Pa. Nov. 29, 2010).

The relevancy of the Google Drive documents is not in dispute. IQVIA has requested and Veeva has agreed to produce all Google Drive documents that any custodian authored, edited, reviewed, accessed, or otherwise had access to. The Special Master will instruct Veeva to produce this information within thirty days of the date of this Order.

With respect to the 2,200 linked Google Drive documents referenced in emails, the Special Master finds *Pom Wonderful LLC v. Coca-Cola Co.*, 2009 WL 10655335 (C.D. Cal. Nov. 30, 2009) instructive. Like in *Pom Wonderful LLC*, there is no dispute that the linked documents are relevant to the claims and or defenses of this action. While, as Veeva argues, the linked documents are not stored with emails in the ordinary course of business, IQVIA has no way to link the documents, only Veeva is capable of linking the emails to the Google Drive documents. The Special Master is not convinced that relinking these 2,200 documents is unduly

burdensome in light of the issues at stake in this matter, the resources of the parties, and the amount in controversy. Accordingly, to the extent possible, Veeva is ordered to link the Google Dive documents referenced in emails within thirty days of the date of this Order.

With respect to documents that were deleted or are otherwise no longer available on the Google Drive, the Special Master is persuaded that if Veeva intends to assert that these documents were deleted in the ordinary course of business, that, to the extent possible, it must provide information with respect to when the documents were deleted and the steps it took to determine this information. Accordingly, Veeva shall undertake a reasonable investigation to the best of its ability to determine when those specific documents identified by IQVIA were deleted or otherwise became unavailable. Veeva shall provide IQVIA with this information, as well as the steps it took to obtain this information, within thirty days of the date of this Order.

DENNIS M. CAVANAUGH, U.S.D.J. (Ret.)
Special Master

Date: July 10, 2019