UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

IQVIA, INC. and IMS SOFTWARE
SERVICES, LTD,

    Plaintiffs/Counterclaim Defendants,

vs.

VEEVA SYSTEMS, INC.,

    Defendant/Counterclaim Plaintiff.

Case No.: 2:17-CV-00177-CCC-MF

**ORDER & OPINION OF THE SPECIAL MASTER**

    This matter comes before the Special Master on Defendant/Counterclaim Plaintiff Veeva Systems, Inc.'s ("Veeva") motion to compel certain documents withheld as privileged from Plaintiffs/Counterclaim Defendants IQVIA, Inc. and IMS Software Services, LTD, (collectively "IQVIA"). Veeva requested that the Special Master conduct an *in camera* review of the challenged documents to determine whether they were appropriately identified as privileged. After considering the submissions of the parties, conducting an *in camera* review of the challenged materials, and based upon the following, it is the opinion of the Special Master that Veeva's motion is **DENIED.**

**<u>OPINION</u>**

    Veeva seeks to compel IQVIA to produce certain documents, namely, 58 business presentations and related communications (hereinafter, the "Challenged Documents"),[1] that it

---

[1] Veeva seeks production of 36 presentations and 22 cover e-mails attaching the presentations. IQVIA represents that it will produce to Veeva the following documents that were inadvertently withheld: IQVIA Privilege Log Entry Nos. 10807, 17378, 15511, 15512, 5391, and 5392. It is the Special Master's understanding that these documents consist of 4 presentations and 2 e-mails. Thus, for purposes of this Opinion, the Challenged Documents consist of the remaining 32 presentations and 20 e-mails.

1

asserts were created by non-lawyers for IQVIA's executive leadership group. Veeva argues that none of the presentations were created to offer or solicit legal advice. Veeva also argues that IQVIA's only basis for withholding the Challenged Documents – that at some point they were reviewed and approved by IQVIA's lawyers – is an invalid assertion of attorney-client privilege. Veeva maintains that the business presentations were not prepared primarily for the purpose of seeking legal advice, but rather, were prepared for the purpose of providing business advice to IQVIA management. Veeva also maintains that IQVIA waived the attorney-client privilege with respect to the Challenged Documents because it already produced some draft business presentations. Lastly, Veeva argues that IQVIA's privilege log provides an insufficient description of each document to permit Veeva to evaluate the claims of privilege. Thus, Veeva requests an *in camera* review of the allegedly privileged documents.

      IQVIA argues that Veeva seeks production of *draft* versions of the presentations. IQVIA maintains that Veeva is already in possession of the final versions of all of the Challenged Documents. IQVIA also argues that either the actual challenged presentation or a later-in-time version of each challenged presentation was sent to IQVIA's in-house counsel for the purpose of obtaining legal advice and is therefore protected from disclosure by the attorney-client privilege. Indeed, IQVIA submits a certification from its in house counsel stating that he was expressly tasked with the job of reviewing and, in fact provided, legal advice for each challenged presentation, or a later-in-time draft of each challenged presentation. IQVIA maintains that its production of certain drafts was inadvertent, and not a waiver of the attorney-client privilege. IQVIA seeks to claw back these documents. IQVIA also argues that its privilege log provides a description of the withheld documents consistent with the parties' agreement.

The purpose of the attorney-client privilege is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981); *see also In re Grand Jury Investigation*, 599 F.2d 1224, 1235 (3d Cir.1979) ("the attorney-client privilege exists to foster disclosure and communication between the attorney and the client"). The attorney-client privilege protects (1) communications (2) between "privileged persons" (3) made in confidence (4) intended to receive or give legal assistance. *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 359 (3d Cir. 2007), as amended (Oct. 12, 2007) (quoting Restatement (Third) of the Law Governing Lawyers § 68 (2000)). The applicability of the attorney-client privilege is determined on a case-by-case basis. *Upjohn*, 449 U.S. at 396–97.

Here, the Special Master has conducted a comprehensive *in camera* review of all of the documents over which IQVIA asserts privilege. The Special Master finds that all 34 challenged presentations (or a later-in-time version of each) are drafts that were sent to IQVIA's in house counsel for the purpose of obtaining legal advice. Thus, they are privileged documents and not subject to disclosure. The Special Master does not find that IQVIA waived the attorney-client privilege with respect to the Challenged Documents by virtue of its inadvertent disclosure of other draft presentations. IQVIA has agreed to produce the 20 challenged e-mails to Veeva on a non-waiver basis. Thus, these e-mails are no longer at issue and the Special Master does not reach the issue of whether they are privileged.

DENNIS M. CAVANAUGH, U.S.D.J. (Ret.)

Date: April 28, 2020