

**Joseph A. Hayden, Jr.**
Member of the Firm
jhayden@pashmanstein.com
Direct: 201.639.2004

February 16, 2021

**Via ECF**
The Honorable Claire C. Cecchi, U.S.D.J.
United States District Court
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark NJ 07101

    Re:    **IQVIA Inc. v. Veeva Systems, Inc.**
             **Civil Action No. 2:17-cv-00177-CCC-MF**

Dear Judge Cecchi:

    This firm recently entered an appearance as co-counsel for Defendant/Counterclaim Plaintiff Veeva Systems Inc. ("Veeva") in this action. I write on behalf of Veeva respectfully to request that the Court schedule oral argument on Veeva's appeals from decisions of the special discovery master, the Hon. Dennis Cavanaugh, pending before Your Honor, or, in the alternative, that the Court schedule a status conference.

    As the Court will recall, IQVIA has asserted trade-secrets and related claims against Veeva, and Veeva has asserted antitrust and related claims against IQVIA. Judge Cavanaugh issued some discovery rulings that are particularly important to this action and which Veeva appealed. Those appeals are:

1. ECF No. 150 (filed Sept. 27, 2018): Veeva appealed Judge Cavanaugh's denial of Veeva's motion to compel responses to two interrogatories asking IQVIA to specifically identify the trade secrets that Veeva allegedly misappropriated.

2. ECF No. 194 (filed Dec. 14, 2018): Veeva appealed Judge Cavanaugh's order compelling Veeva to produce forensic artifacts and other discovery materials from hundreds of computers that were used up to 9 years ago by approximately 170 people.

3. ECF No. 327 (filed Jan. 29, 2021): Veeva recently appealed Judge Cavanaugh's denial of Veeva's motion to compel production of IQVIA's contracts for the wholesale and retail prescription data used in IQVIA data products (e.g., IQVIA's contracts with CVS, Rite Aid, Walmart, etc.), in which IQVIA has a global monopoly. (The motion day for this appeal is March 1, 2021.)

Court Plaza South | Phone: 201.488.8200
21 Main Street, Suite 200 | Fax: 201.488.5556
Hackensack, NJ 07601 | www.pashmanstein.com

The Honorable Claire C. Cecchi, U.S.D.J.
February 16, 2021
Page 2

On September 27, 2019, Your Honor ordered the parties to provide letter briefs on the first two appeals to address, among other things, whether those appeals were moot, and administratively terminated the appeals pending the parties' additional submissions.  *See* Order, Sept. 27, 2019, ECF No. 270.  The parties submitted those letter briefs on October 4, 2019, and confirmed that the appeals were not moot.  *See* ECF Nos. 272-273.  The appeals are still not moot.

I understand that, during the more than two years since the first two appeals were filed, the parties have proceeded with discovery before Judge Cavanaugh and have met periodically with the Court-appointed mediator, the Hon. Faith Hochberg.  Veeva respectfully submits, however, that the parties have reached an impasse in both mediation and some aspects of fact discovery.  I understand that mediation has stalled in part because it is difficult to assess the strength of IQVIA's trade-secrets claims when, more than three years into the case, Veeva and Judge Hochberg do not know which trade secrets Veeva allegedly stole.  Judge Hochberg has ceased holding substantive mediation sessions, but Veeva is hopeful that a ruling on its first appeal will allow her to re-start settlement discussions.  I also understand that whether fact discovery will be completed in the near term or require several years and millions of dollars more depends on resolution of the second appeal—whether IQVIA is entitled to the additional, extensive forensic discovery that it seeks.  It is my understanding from co-counsel that fact discovery cannot be closed until the appeals are decided.

Given the passage of time on the first two appeals, and the importance of the appeals to facilitating further settlement discussions while also advancing the litigation toward trial, Veeva respectfully submits that oral argument close to the time the third appeal is fully briefed would be beneficial.  We are, of course, well aware of the Court's crowded docket.  There can be no doubt that the judicial emergency in this District has combined with the COVID-19 pandemic to place unprecedented burdens on the Court, making it impossible for civil litigation to proceed at the pace the Court and litigants would prefer.  We therefore do not submit this letter lightly. Although I am new to this case, I understand that the pending appeals must be resolved before the parties can engage in meaningful settlement discussions and complete fact discovery in this action, which was commenced in 2017.

Accordingly, Veeva respectfully requests that the Court schedule argument and/or a status conference by video at the Court's earliest convenience.

          Respectfully,

          *s/ Joseph A. Hayden, Jr.*
          Joseph A. Hayden, Jr.

cc:  Counsel of record