

**Joseph A. Hayden, Jr.**
Member of the Firm
jhayden@pashmanstein.com
Direct: 201.639.2004

October 6, 2021

<u>Via ECF</u>
The Honorable Julien Xavier Neals
United States District Court
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street, Courtroom 5D
Newark, NJ 07101

      Re:    *IQVIA Inc., et al. v. Veeva Systems Inc.*, Case No. 2:17-cv-00177-JXN-JSA
             (D.N.J. January 10, 2017) ("MDM Action")

            *Veeva Systems Inc. v. IQVIA Inc., et al.*, Case No. 2:19-cv-18558-JXN-JSA
             (D.N.J. July 18, 2019) ("Nitro Action")

            *IQVIA Inc., et al. v. Veeva Systems Inc.*, Case No. 2:19-cv-15517-JXN-JSA
             (D.N.J. July 17, 2019) ("Declaratory Judgment Action")

Dear Judge Neals:

      We, along with co-counsel Susman Godfrey L.L.P., Kellogg Hansen Todd Figel & Frederick P.L.L.C., and Wilson Sonsini Goodrich & Rosati P.C., represent Veeva Systems Inc. We write in response to IQVIA's letter to the Court dated October 4, 2021. In its letter, IQVIA claims that Magistrate Judge Falk's Order lifting the stay in *IQVIA Inc. v. Veeva Systems Inc.*, Case No. 2:19-cv-15517 ("*IQVIA II*") (Dkt. 88) ("Order Lifting Stay"), supports its request for forensic artifacts and source code in *IQVIA Inc. v. Veeva Systems Inc.*, Case No. 2:17-cv-00177 ("*IQVIA I*"). IQVIA is wrong. The purpose of the Order Lifting Stay was to place *IQVIA I* and *IQVIA II* on accelerated schedules. IQVIA's requests for forensic artifacts and source code would delay both cases, drowning the parties and the Court in perpetual discovery.

      *IQVIA I* has been pending since January 2017. The crux of that case is IQVIA's denial of customers' requests to use IQVIA's monopoly data products with their preferred Veeva software, which constitutes unlawful monopolization. IQVIA attempts to justify its monopolization by accusing Veeva of misappropriating its "trade secrets." Veeva has produced everything IQVIA could need to try to prove its claims—4.5 million documents, more than 30 depositions, and unusually detailed interrogatory answers totaling more than 2,000 pages. Veeva even provided IQVIA with its own software instance of OpenData—the very product into which IQVIA accuses Veeva of incorporating its "trade secrets"—along with OpenData's complete development history. Despite Veeva's vast productions, IQVIA still cannot prove

Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601

Phone: 201.488.8200
Fax: 201.488.5556
www.pashmanstein.com

The Honorable Julien Xavier Neals, U.S.D.J.
October 6, 2021
Page 2

misappropriation. Indeed, IQVIA has not taken even the preliminary step of identifying its trade secrets, rendering *IQVIA I* an extreme outlier among trade-secret cases.

Left without evidence, IQVIA has strived to avoid the merits of the parties' claims while prolonging discovery. That's why IQVIA wants to force Veeva to produce breathtakingly burdensome and duplicative forensic artifacts and source code.

In July 2019, Veeva filed *IQVIA II* to hold IQVIA accountable for extending its anticompetitive scheme to new Veeva software products. Keeping with its merits-avoidance strategy in *IQVIA I*, IQVIA sought to stay *IQVIA II* indefinitely. For over a year, IQVIA succeeded as *IQVIA II* remained frozen.

On September 21, 2021, Judge Falk lifted the stay on *IQVIA II*. *IQVIA II*, Case No. 2:19-cv-15517 (Dkt. 88). In so doing, Judge Falk recognized that *IQVIA I* and *IQVIA II* have stalled for too long and sought to put both cases on an expedited path to resolution:

- "[I]t does not seem that *IQVIA I* has materially advanced toward the conclusion that we envisioned when *IQVIA II* was held in abeyance." *Id*. at 5.

- "While [*IQVIA I*] has moved forward some in the last year, progress has been slow." *Id*.

- *IQVIA I* "is taking time to litigate and *IQVIA II* remains stayed at the earliest stages." *Id*.

- Therefore, "the Court intends to put into [] place a case management schedule that requires *IQVIA II* to promptly catch up to *IQVIA I* and put a finite end date on all the parties' litigation issues." *Id*. at 7.

In short, Judge Falk acknowledged the glacial pace of *IQVIA I* and *IQVIA II* and the resulting "prejudice to Veeva," and ordered the acceleration of both cases. *Id*. at 7.

Bucking Judge Falk's call for swift progress, IQVIA's October 4th letter again asks this Court to compel Veeva's production of forensic artifacts from **168** employees and **millions** of lines of source code from multiple software products over several years. IQVIA claims that, since Judge Falk ordered *IQVIA II* to catch up to *IQVIA I*, that means delay is inevitable and would not be exacerbated by IQVIA's discovery requests. IQVIA has it exactly backward. Judge Falk directed the parties to hasten resolution of each case. IQVIA's discovery requests would have the opposite effect, extending both cases indefinitely.

IQVIA's request for forensic artifacts would itself prolong *IQVIA I* and *IQVIA II* for months (or more). First, Veeva would need to generate forensic reports from 168 Veeva employees' computers scattered throughout the globe, documenting every instance in which those employees opened, closed, moved, or modified files on their computers, regardless of any

The Honorable Julien Xavier Neals, U.S.D.J.
October 6, 2021
Page 3

connection between that activity and the conduct at issue in these lawsuits. Next, IQVIA would need to decipher that torrent of technical minutiae. That exercise would prompt IQVIA's requests for yet more documents, interrogatory answers, and depositions. The ensuing hold-up would be for naught, as the forensic artifacts contain volumes of irrelevant information that are unquestionably less illuminating than the discovery Veeva has already produced, including every change to every record in the very OpenData product on which IQVIA's complaint focuses.

What's more, the Order Lifting Stay did not consolidate *IQVIA I* and *IQVIA II*. Judge Falk simply directed that *IQVIA II* promptly catch up with *IQVIA I*. Discovery in *IQVIA I* is essentially complete and expert-report deadlines loom. Production of forensic artifacts would require further postponement of those deadlines, which have already been extended eleven times. A *twelfth* extension would subvert, not promote, the Order Lifting Stay.

IQVIA's October 4th letter distorts the Order Lifting Stay to undermine the very progress that Judge Falk urged. This Court should deny IQVIA's requests for superfluous forensic artifacts and source code that threaten to drag this case into unyielding gridlock.

We thank the Court for its assistance in this matter.

                                                 Respectfully,

                                                 */s/ Joseph A. Hayden, Jr.*

                                               Joseph A. Hayden, Jr.

cc:  All Counsel of Record