NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IQVIA INC. and IMS SOFTWARE SERVICES LTD., <br><br> Plaintiffs-Counterclaim Defendants, <br><br> v. <br><br> VEEVA SYSTEMS, INC., <br><br> Defendant-Counterclaim Plaintiff. | Civil Action No. 17-177 (JXN) <br><br><br> **OPINION** |

**JESSICA S. ALLEN, U.S.M.J.**

This matter comes before the Court by way of Plaintiffs IQVIA Inc. and IMS Software Services, Ltd.'s ("IQVIA") motion for leave to file an amended complaint. (ECF No. 375). Defendant Veeva Systems, Inc. ("Veeva"), opposes the motion. No oral argument was held. Fed. R. Civ. P. 78(b). Having carefully considered all of the parties' submissions, for good cause shown, and for the reasons set forth herein, the Court **DENIES** the motion to amend.

**I.    OVERVIEW**

IQVIA brings this theft of trade secrets case against Veeva. Currently, there are three related cases pending before the Court regarding the alleged trade secret theft and purported antitrust violations: (1) *IQVIA Inc. v. Veeva, Inc.*, 17-177 (JXN) ("*IQVIA I*"); and (2) *IQVIA v. Veeva,* 19-15517 (JXN) and *Veeva v. IQVIA*, 19-18558 (JXN), which are consolidated as "*IQVIA*

*II."* These cases have complex and expansive histories. Prior Opinions provide a more detailed factual and procedural background. *See, e.g.*, *IQVIA Inc. v. Veeva Sys. Inc.*, 2021 WL 42782859 (D.N.J. Sept. 21, 2021); *IQVIA Inc. v. Veeva Sys. Inc.*, 2020 WL 4915670 (D.N.J. Aug. 21, 2020); *IQVIA Inc. v. Veeva Sys. Inc.*, 2020 WL 2039836 (D.N.J. Apr. 28, 2020); *IQVIA Inc. v. Veeva Sys. Inc.*, 2019 WL 6044885 (D.N.J. Nov. 14, 2019). Since the Court writes for the parties only, they presumably have familiarity with the facts and extensive procedural history. Therefore, the Court addresses only the relevant factual and procedural background.

**A.     Relevant Background[1]**

IQVIA commenced this action on January 10, 2017. (ECF No. 1). As alleged in the Complaint, IQVIA is in the business of providing market research, analytics, technology and services to the life sciences, medical device, and diagnostics and healthcare industries. (Compl., ¶ 19). Veeva is an information and technology services company. (*Id.* at ¶ 20). IQVIA and Veeva are competitors in the health-related information and technology business. (*Id.* at ¶ 22). IQVIA claims that one of its proprietary data products called "OneKey" and Veeva's competing healthcare product named "Veeva OpenData" are relevant to its claims. (*Id.* at ¶¶ 88, 90). According to IQVIA, at times, it granted Veeva access to confidential and proprietary information through license agreements. (*Id.* at ¶ 4). The parties' current litigation arose primarily from this relationship.

The Complaint alleges Veeva's misuse and mishandling of confidential information, giving rise to the following claims: (1) Federal Theft of Trade Secrets, the Defend Trade Secrets

---

[1] The background herein is drawn from the parties' submissions and the filings in this case and is set forth for context purposes only. This Opinion does not purport to resolve any factual disputes between the parties.

Act, 18 U.S.C. § 1836, *et seq.*; (2) Theft of Trade Secrets under New Jersey Law (N.J.S.A. § 56:15); (3) Tortious Interference; (4) Federal False and Misleading Advertising in violation of the Lanham Act, 15 U.S.C. § 1125(A); (5) Unfair Trade Practices (New Jersey law); and (6) Unjust Enrichment (New Jersey law). (*See* Compl. at 32-39).

On March 13, 2017, Veeva filed: (1) a motion for partial dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking to dismiss IQVIA's New Jersey state law claims; (2) a motion to transfer venue to the Northern District of California, pursuant to 28 U.S.C. § 1404(a); and (3) an answer to the Complaint not subject to the motion to dismiss. (ECF Nos. 9-12).[2] Veeva's answer also included nine counterclaims alleging violations of federal antitrust laws, as well as California state law. (ECF No. 12).

On August 16, 2017, Judge Falk held an initial Rule 16 scheduling conference.[3] Following the conference, Judge Falk entered a scheduling order setting March 2, 2018, as the deadline for filing motions to amend the pleadings. (ECF No. 74). Based on the Undersigned's review of the official docket, it is unclear whether that deadline was ever extended.

On January 10, 2018, after a year of litigation and given the volume of discovery disputes, the Court appointed the Honorable Dennis M. Cavanaugh, U.S.D.J. (Ret.) as Special Discovery Master ("Special Master"). (ECF No. 110). Since his appointment, the Special Master has addressed a litany of discovery disputes and entered several scheduling orders. As it relates to the instant motion, on January 10, 2020, the Special Master issued an Order, directing fact discovery be completed by February 17, 2020, and expert discovery be completed by August

---

[2] The Honorable Mark Falk, U.S.M.J. (Ret.) denied the motion to transfer venue on June 23, 2017. (ECF No. 56). The Honorable Claire C. Cecchi, U.S.D.J. denied the motion to dismiss on October 26, 2017. (ECF No. 90).

[3] This case was reassigned to the Undersigned on October 4, 2021.

3

14, 2020. (ECF No. 282).[4] The January 10, 2020 Order does not include any extension of the deadline to file motions to amend the pleadings.

On February 18, 2020, IQVIA filed a motion for sanctions against Veeva, claiming destruction of evidence. (ECF Nos. 375 & 283). As detailed in its opening briefs in support of its motions for sanctions and instant motion to amend, IQVIA contends that Veeva intentionally and permanently destroyed a database in the Summer of 2018, emails from January 2014 through May 2015, and Google drive documents that are central to IQVIA's claims. (ECF No. 375-4 at 4-5; *see also* ECF No. 283-1 at 1-3). Reviewing IQVIA's submissions, it is unclear the exact date that IQVIA became aware of this alleged destruction of evidence. Yet, in support of its sanctions motion, IQVIA contended that, at the time the motion was filed in February 2020, Veeva had undeniably and permanently deleted the database and emails. (ECF No. 283-1 at 1-2). As to the Google drive documents, in support of its motion for sanctions, IQVIA stated that after the Special Master granted IQVIA's motion to compel in March 2018, it became clear that many documents ordered to be produced had been deleted. (*Id.* at 2, 21; Sp. Master Order of 3/28/18, ECF 116).

As part of the relief sought, IQVIA requested default judgment as to Veeva's liability on IQVIA's trade secret and other claims (Counts I-VI) and dismissal of Veeva's counterclaims (Counts I-XI) with prejudice. (ECF No. 283-1 at 43). In the alternative, IQVIA requested that the Court instruct the jury that Veeva intentionally deleted evidence. (*Id.*) Finally, IQVIA sought fees and costs attributable to Veeva's alleged intentional spoliation, including those

---

[4] In his most recent Scheduling Order issued on November 15, 2021, the Special Master further extended the deadline for completion of expert discovery through September 8, 2022. (ECF No. 426).

4

associated with the sanctions motion. (*Id.*)

In opposition to both motions, Veeva has denied spoliation of evidence, citing its efforts to preserve, collect, and produce voluminous documents throughout this case. (ECF No. 353 at 1; *see also* 306 at 1).

On May 7, 2021, the Special Master issued an Order & Opinion, finding among other things, that Veeva had spoliated evidence in connection with the three above-referenced categories ("Order and Opinion"). (ECF Nos. 349 and 375-4).[5] As a result, the Special Master determined that evidentiary sanctions in the form of adverse inference jury instructions were appropriate for each instance of spoliation. (ECF No. 349 at 76, 82-83, 90, 115). The Special Master also awarded monetary sanctions in an amount to be determined. (*Id.* at 115).

On June 4, 2021, Veeva filed objections to the Special Master's Order and Opinion. (ECF Nos. 353). Those objections remain pending.

**B.** **The Motion to Amend**

On July 23, 2021, IQVIA filed the present motion to amend. (ECF No. 375). IQVIA seeks to add a claim for fraudulent concealment of evidence under New Jersey state law. According to IQVIA, the proposed amendment, based on the Special Master's Order and Opinion, provides a remedy for parties who have been "victimized by their adversaries' spoliation of evidence and, where, as here, that spoliation was discovered during the course of litigation and resulted in prejudice and additional damages to the victimized party." (ECF 376 at 1). IQVIA claims that New Jersey law allows a plaintiff that uncovers spoliation while a case is

---

[5] The Special Master's Order and Opinion also addressed a separate and unrelated motion from IQVIA regarding privilege issues, (*see* ECF No. 349 at 6), which has been appealed to Judge Neals. (*See* ECF No. 355).

pending to seek evidentiary sanctions and to amend the complaint to add a count for fraudulent concealment, which must then be bifurcated. *Tartaglia v. UBS PaineWebber, Inc.*, 197 N.J. 81, 119 (2008).

In opposition, Veeva contends that the proposed claim is futile. (ECF No. 383). Veeva's futility argument is three-fold: (1) IQVIA put the issue of spoliation and sanctions in front of the Special Master to which Veeva has objected and an appeal is pending before the Honorable Julien X. Neals, U.S.D.J. In doing so, Veeva contends that IQVIA is judicially estopped from raising spoliation through a separate cause of action to be presented to a jury, which could result in conflicting decisions and/or procedural confusion; (2) California – not New Jersey – law should apply to any fraudulent concealment claim, and California law does not recognize a claim for fraudulent concealment of evidence; and (3) the Special Master's decision was wrong "as a matter of law," and therefore, any fraudulent concealment claim would be futile for the same reasons. (ECF No. 383 11-19).

## II.  **LEGAL STANDARD**[6]

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits a party to amend the pleading at any point prior to trial "only with the opposing party's written consent or the court's leave." *Id.* Leave should be freely given by the Court "when justice so requires." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006). This mandate encompasses a broad range of

---

[6] As previously noted, it does not appear that the original March 2, 2018 deadline to file motions to amend was ever extended. Thus, IQVIA's motion arguably triggers the "good cause" standard governed by Rule 16(b) of the Federal Rules of Civil Procedure. *See Race Tires America, Inc. v. Hooiser Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010) (motion to amend filed after scheduling order deadline requires showing of "good cause"). Neither party addresses the good cause standard in their papers. Nonetheless, out of an abundance of caution, the Court will consider the motion to amend under Rule 15 rather than the good cause standard under Rule 16.

6

equitable factors, including whether there is (1) undue delay; (2) bad faith, (3) prejudice, (4) failure to cure deficiencies through previous amendments; or (5) futility of the proposed amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1964). Ultimately, the decision to grant or deny leave rests in the sound discretion of the Court. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331 (1971).

### III.   ANALYSIS

The thrust of the parties' respective arguments focuses on whether IQVIA's proposed fraudulent concealment claim is futile. However, the Court does not reach the issue of futility as a basis to deny the motion.[7] Rather, as detailed below, the Court views IQVIA's delay in seeking the amendment as undue, and thus, in the Court's discretion, serves as the independent ground for denial.

When considering delay in the context of Rule 15, "the mere passage of time does not require that a motion to amend a complaint be denied . . . [i]n fact, delay alone is an insufficient ground to deny leave to amend." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citing *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)). "The district court has discretion to deny the request only if the plaintiff's delay in seeking to amend is undue, motivated by bad faith, or prejudicial to the opposing party." *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008) (citing *Adams,* 739 F.3d at 864). Delay in seeking leave to amend may become "undue" and "thereby create[] grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." *Id.* at 266 (citing *Cureton*, 252 F.3d at 273). Thus, as the Third Circuit

---

[7] Since the Court declines to reach the merits of the parties' respective arguments on futility, the Court, at this time, need not conduct a choice of law analysis concerning the proposed claim.

7

has noted, the question of undue delay requires the Court to focus on the moving party's "reasons for not amending sooner." *Id*. (quoting *Cureton*, 252 F.3d at 273). The Court then must balance those stated reasons "against the burden of delay on the [] Court." *Id.* (citing *Coventry v. U.S. Steel Corp.*, 856 F.2d 514, 520 (3d Cir. 1988)).

The Third Circuit has repeatedly affirmed the denial of motions to amend made after lengthy periods of delay when the amendment would result in prejudice to the Court or additional delay in the proceedings. *See, e.g., CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 629-30 (3d Cir. 2013) (District Court did not abuse its discretion when denying leave to amend where the plaintiff sought amendment more than three years after filing its complaint, and provided "no good reason" for its delay) (collecting cases); *Berger v. Edgewater Steel Corp.*, 911 F.2d 923-24 (3d Cir. 1990) (affirming denial of leave to amend sought more than four months after information supporting amendment was available; after lengthy discovery period; and when amendment would inject new issues and delay the case); *Clark v. Township of Falls*, 890 F.2d 611, 624 (3d Cir. 1989) (affirming denial of leave to amend after five-month period of delay); *Averbach v. Rival, Mfg. Corp.*, 879 F.2d 1196, 1203 (3d Cir. 1989) (affirming denial of leave to amend when motion was made after months of unexplained delay and on eve of close of discovery and trial).

Here, IQVIA's proposed fraudulent concealment claim is based on the same alleged misconduct that IQVIA presented in its motion for sanctions filed in February 2020 – 17 months before it filed the instant motion to amend. Importantly, it cannot be disputed that by February 2020, IQVIA possessed the necessary information about the alleged misconduct and resulting damages to file a motion to add the proposed fraudulent concealment claim. Yet, IQVIA waited

17 months to move to add the proposed claim based on Veeva's prior alleged spoliation of evidence.

The Court cannot discern any reasonable basis for the delay in seeking leave to amend, and the papers submitted provide none. IQVIA points to the Special Master's May 7, 2021 Order and Opinion as the driving force for its proposed amendment. However, in its reply papers, IQVIA has made clear that its fraudulent concealment claim is *not* based on the Special Master's findings, but rather, is based on what Veeva "actually did." (ECF No. 388 at 10; *see also id.* "Veeva is not liable to IQVIA in tort for its fraudulent concealment because Judge Cavanaugh found that Veeva intentionally destroyed material evidence it had a legal obligation to preserve and disclose, damaging IQVIA in this case. Rather, Veeva is liable because it, in fact, intentionally destroyed material evidence it had a legal obligation to preserve and disclose, damaging IQVIA in this case."). These are related but different concepts. Since the proposed fraudulent concealment claim is not tied directly to the Special Master's decision, there is no reason IQVIA could not have moved to amend 17 months earlier.

In any event, the Court finds that the information supporting the amendment was available to IQVIA before it filed the motion for sanctions, demonstrating IQVIA had previous opportunities to amend under the standards set forth by the Third Circuit in *Cureton* and reiterated in *Bjorgung*. IQVIA chose to move for sanctions in February 2020 but not for an amendment of the Complaint.

Further, the Court finds that to allow the proposed amendment would result in an unwarranted burden on the Court. This case commenced five years ago and has been aggressively litigated by both sides. Discovery has been open for more than four years and has involved complicated discovery disputes often requiring the Special Master's intervention.

Adding a fraudulent concealment claim would necessitate additional discovery as well as require bifurcation and a second proceeding, extending this dispute well into the future and placing a burden of delay on the Court. The need to move this case (along with *IQVIA II*) towards final resolution was made clear in Judge Falk's recent decision lifting the stay in *IQVIA II*. *See IQVIA v. Veeva,* 2021 WL 4272859 at *3 (noting need to "put a finite end date on all the parties' litigation issues."). Adding a new claim and a second, bifurcated proceeding is not keeping with the Court's effort to move this case toward an efficient resolution on the merits.

Finally, from a practical standpoint, the Court observes that the alleged spoliation, which was uncovered during discovery, has been effectively addressed through the relief sought by IQVIA in its motion for sanctions and granted by the Special Master. (ECF No. 349). In determining the appropriate remedy for spoliation, the New Jersey Supreme Court has observed that any such remedy turns, in part, on the time of when the spoliation conduct is discovered. *Robertet Flavors, Inc. v. Tri-Form Const. Inc.*, 203 N.J. 252, 273 (2010) (internal citations and quotations omitted). "Spoliation that becomes apparent ***during discovery or trial can be addressed effectively through the use of ordinary discovery sanctions, such as preclusion, or through adverse inferences***. Spoliation that is not discovered until after there has been a verdict in the case in chief, however, will generally result in a cause of action for the fraudulent concealment [that] will be entirely separate and, depending on the outcome of the original trial, may include both consideration of the substantive counts as well as the further spoliation-based damages." *Id.* (emphasis added).

Here, the Special Master has imposed three evidentiary sanctions in the form of adverse evidential inferences and granted financial sanctions, subject to the Special Master determining an appropriate amount. (ECF No. 349 at 115). Indeed, the Special Master found that the

10

financial sanctions imposed are meant to "cure the unfairness to IQVIA, punish Veeva and deter such future conduct." (ECF No. 349 at 115). That is expressly the purpose of sanctions. *See Robertet Flavors, Inc.,* 203 N.J. at 273 (spoliation sanctions are "to make whole, as nearly as possible, the litigant whose cause of action has been impaired by the absence of crucial evidence; to punish the wrongdoer; and to deter others from such conduct."). If the Special Master's Order and Opinion is affirmed, IQVIA would seem to have been "made whole," assuming spoliation occurred. As an aside, since IQVIA has not yet fully disclosed its trade secrets in discovery, the full extent of whether there has been actual prejudice to IQVIA cannot yet be determined. Accordingly, an adverse inference safeguards IQVIA while alleviating the burden on the Court.

In short, the decision to grant or deny leave to amend a pleading is ultimately a matter of discretion. *Zenith Radio Corp.*, 401 U.S. at 331. IQVIA has significantly delayed, without cogent reason, in seeking leave to amend. Further, the proposed amendment would burden the Court and delay resolution of this protracted case. Accordingly, the Court finds that the motion was brought after undue delay. Therefore, the Court, in its discretion, **DENIES** the motion to amend

## IV. DECISION

For the reasons set forth above, Plaintiff's motion for leave to file an amended complaint (ECF No. 375) is **DENIED**. An appropriate Order will be entered.

s/Jessica S. Allen<br>
**JESSICA S. ALLEN**<br>
**United States Magistrate Judge**

**DATED: January 12, 2022**

**cc:** Hon. Julien X. Neals, U.S.D.J.