# CRITCHLEY, KINUM & LURIA, LLC
### ATTORNEYS AT LAW
### 75 LIVINGSTON AVENUE - SUITE 303
### ROSELAND, NEW JERSEY 07068

MICHAEL CRITCHLEY
MICHAEL CRITCHLEY, JR.
CHRISTOPHER W. KINUM
AMY LURIA

ARMANDO SUAREZ

(973) 422 - 9200
FAX: (973) 422 - 9700
www.critchleylaw.com

July 21, 2023

**VIA ECF**
The Honorable Julien Xavier Neals
United States District Court
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:  *IQVIA Inc. et al. v. Veeva Systems Inc.*, No. 2:17-cv-00177-JXN-JSA (*IQVIA I*)
*IQVIA Inc. et al. v. Veeva Systems Inc.*, No. 2:19-cv-15517-JXN-JSA and *Veeva Systems, Inc. v. IQVIA Inc., et al.*, No. 2:19-cv-18558-JXN-JSA (consolidated as *IQVIA II*)

Dear Judge Neals:

IQVIA respectfully responds to Veeva's July 20, 2023 letter (*IQVIA I* Dkt. 550) seeking leave to file a 15-page letter-brief regarding its spoliation of evidence.  The Court should deny this request.  Veeva has had ample opportunity to state its position, both in briefing and argument before Judge Cavanaugh and in appeal briefing before Your Honor.  Judge Cavanaugh considered over 170 pages of briefing and 220 exhibits on IQVIA's sanctions motion, heard argument for over 6 hours, and set forth his decision in a 115-page order, while this Court has received over 70 pages of briefing, and over 100 exhibits.  Having had its latest gambit comprehensively debunked—at great time and expense—by IQVIA, Veeva should not be permitted yet another opportunity to sow confusion with yet another filing.

Veeva's request is improper at every turn.  Briefing on Veeva's appeal of the Sanctions Order has been closed for nearly *two years*.  Veeva failed to even request leave to file its June 20, 2023 letter (*IQVIA I* Dkt. 541), which is effectively a sur-reply in support of its appeal of the Sanctions Order, filed almost two years out of time.[1]  In addition, Veeva's June 20 letter improperly introduced new arguments for the first time, while relying on documents obviously produced out of time.  *Net2Phone, Inc. v. Ebay, Inc.*, 2008 WL 8183817, at *4 (D.N.J. June 26, 2008) ("[I]n an appeal of a Special Master's decision, the parties cannot raise entirely new arguments for the first time on an objection to a Special Master's Report."  Were it otherwise, "systematic efficiencies would be frustrated" and the Special Master's "role reduced to a mere dress rehearser.") (internal citations and quotations omitted).  Having filed its improper June 20 letter without so much as requesting leave, Veeva now requests leave to file an *additional* 15-page brief, without setting forth any legal basis to do so.  That request should be denied as both

---

[1]  D.N.J. Civ. R. 7.1(d)(6) ("No sur-replies are permitted without permission of the Judge to whom the case is assigned."); D.N.J. Civ. R. 7.1 (d)(7) ("The Court may reject any brief or other paper not filed within the time specified.").

untimely and futile, given that this Court should decline to hear new arguments on appeal in any event.

      Veeva's belated, new arguments are not only improper, but without merit. In its June 20 letter, Veeva represented to Your Honor that it had now produced "the very NAS files, HDM tables, and DVI tables that IQVIA claims Veeva spoliated, and that the Special Master found Veeva spoliated." *IQVIA I* Dkt. 541 at 3. Veeva said those files and tables had been sitting in its HDMG database all along, but it just decided it would produce them now, and on that basis it asked this Court to "vacate the sanctions order." *Id.* at 5. If Veeva's assertions were true (they were not), it would have been able to demonstrate their veracity in its opening letter, rather than shifting the burden to IQVIA to disprove them.

      Veeva's assertions were not true, as IQVIA demonstrated at length and with comprehensive record cites in its letter of July 17, 2023. *IQVIA I* Dkt. 549. Veeva has clearly *not* produced "the very" files and tables that formed the basis of Judge Cavanaugh's spoliation finding: Veeva did not produce the deleted EUStage database; it did not produce the 17-months' worth of James Kahan's deleted emails; and it did not produce the NAS files, HDM tables, and DVI tables it had deleted corresponding to clients Abbott, Actavis-Allergan, Alimera, Amgen, Elan, Kos, Auxilium, King, and Avanir—among dozens of others that were specifically at issue in the sanctions briefing.

      Veeva now effectively admits as much. Changing course, it suggests that its June 15 production included relevant files related only to *one* customer (Genentech). That is meaningless because, as IQVIA demonstrated in its letter, one goal of Veeva's spoliation campaign was to rig the evidence so Veeva could argue, if it became necessary, that its misappropriation was limited to IQVIA data obtained from *Genentech alone*. Veeva destroyed the evidence about its improper use of IQVIA data sourced from **all of the other clients** to prejudice IQVIA's ability to prove otherwise. So the fact that Veeva may still have some files and tables relating to its ongoing work for Genentech in HDMG is nothing new, and Veeva's attempt to address the basis of the Special Master's findings piecemeal does not cure any aspect of its spoliation. Indeed, Veeva's admission that it *"**has not identified and produced every file IQVIA claims was deleted**"* (*IQVIA I* Dkt. 550 at 2) tells the Court all it needs to know.

      The briefing on Veeva's appeal from Judge Cavanaugh's Sanctions Order should now be closed. If Veeva is permitted to file another substantive filing, that will only require IQVIA to seek leave to respond in kind, to debunk whichever ways Veeva will try to re-write the history of its intentional spoliation campaign next. Indeed, its list of topics it wants to cover includes those that have been covered at length already, including before Judge Cavanaugh. Veeva has made all of its arguments about these issues, but failed to persuade. With Veeva having already conceded that it did not in fact produce "the very" files and tables at issue in the spoliation motion, the Court should not permit Veeva to have yet another bite at the apple.

                                          Respectfully submitted,
                                          /s/ *Amy Luria*
                                          Amy Luria
                                          *Counsel for IQVIA*