# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IQVIA, INC. and<br>IMS SOFTWARE SERVICES, LTD,<br><br>    Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>VEEVA SYSTEMS, INC.,<br><br>    Defendant/Counterclaim Plaintiff. | Civil Action No. 17-00177 (JXN) (JSA)<br><br>**OPINION** |

**NEALS**, District Judge

This matter comes before the Court upon Plaintiffs-Counterclaim Defendants IQVIA, Inc. and IMS Software Services, LTD's (collectively "IQVIA") motion for partial reconsideration and, in the alternative, clarification of the Court's March 31, 2024 Opinion (ECF No. 583) and Order (ECF No. 584) (the "March 31 Order"). (ECF No. 590.) Also before the Court is Defendant/Counterclaimant Veeva Systems Inc.'s ("Veeva") motion for clarification or, in the alternative, partial reconsideration of the Court's May 3, 2024 Opinion and Order (ECF No. 601) (the "May 3 Order") and the March 30, 2024 Opinion and Order on at-issue waiver (ECF No. 583, the "Waiver Order"). (ECF No. 610.) For the reasons set forth below, IQVIA's motion for clarification of the Court's March 31 Order is **GRANTED**. Veeva's motion for clarification or, in the alternative, partial reconsideration of the Court's May 3 Order is **DENIED as moot.**

I.   **BACKGROUND**

The Court writes primarily for the parties and assumes a familiarity with the facts of the case. A more detailed recounting of the facts can be found in this Court's previous opinions in this matter. (*See, e.g.*, ECF Nos. 55, 90, 115, 153, 349, 431, 465, 497 & 536, 583, 601.) As such,

the Court includes only the facts and procedural history necessary to decide the instant motions. Direct citations are mostly omitted.

On February 6, 2024, the Court held an in-person conference to address the most efficient way to conduct motion practice and trial in this matter. (*See* Transcript of February 6, 2024 Conference ("Tr."), ECF No. 575.) At the February 6th conference, IQVIA represented that, although computer forensic discovery related to damages was outstanding and necessary for trial, the trade secret misappropriation claims regarding liability were ripe for summary judgment. Likewise, Veeva represented that both cases can proceed to the summary judgment phase, although some discovery appeals remain outstanding. (*See* Tr. at 23:1-25:18.) However, the parties disagreed on whether IQVIA's trade secret claims should proceed simultaneously with Veeva's antitrust claims. (*See* Tr. 26:3-28-2.) Given the differing views on how to proceed, the Court directed the parties to submit case management proposals for bifurcation and/or consolidation relating to dispositive motion practice and trial. (*See* Tr. 61:20-62:21.) The parties filed their competing proposals on February 13, 2024. (*See* ECF Nos. 576 (IQVIA), 577 (Veeva).)

On May 3, 2024, the Court issued an Opinion and Order (the "May 3 Order") in which the Court bifurcated IQVIA's trade secret claims from Veeva's antitrust claims for motion practice and trial. (ECF No. 601 at 1.) The Court explained that "bifurcation of these claims would benefit any potential jury by improving the jury's understanding of the issues, avoid potential prejudice, expedite the proceedings, and serve the interests of justice and judicial economy." (*Id*. at 5.) The May 3 Order directed the parties to serve opening summary judgment and *Daubert* briefs by June 17, 2024. (*Id*. at 7.)

On March 30, 2024, the Court issued an Opinion and Order (ECF Nos. 581, 582) (the "March 30, 2024 Order") in which, among other things, it denied IQVIA's appeal of the Special

Master's Order dated September 15, 2022 (ECF No. 465), granting Veeva's motion to overrule IQVIA's assertion of attorney-client privilege (ECF No. 471), and affirmed the Special Master's 2022 Order (ECF No. 465). (*Id.*)

On March 31, 2024, the Court issued an Opinion and Order (ECF Nos. 581, 582) (the "March 30, 2024 Order"), granting Veeva's appeal of the June 2, 2023 Order issued by the Honorable Jessica S. Allen, U.S.M.J. ("Judge Allen")[1] In doing so, the Court concluded that Judge Allen's Order, as to the identification of IQVIA's alleged trade secret, was neither clearly erroneous nor an abuse of discretion. However, the Court noted that:

> Interrogatory 14 requested identification of "each and every alleged trade secret of IMS that IMS contends VEEVA misappropriated." In response to Interrogatories 33 and 35, IQVIA was directed to 'fully respond, with precision and specificity to" these interrogatories "in support of its misappropriation claims.' … Consequently, unless IQVIA claims that Veeva stole its data compilations in their entirety, it must identify the individual records it claims Veeva misappropriated and detail Veeva's misuse of them. This will determine the proper scope of discovery needed to support the parties' claims and defenses. … If IQVIA has not met this discovery obligation, then it has not fully complied with the Dec. 28 Opinion.

(ECF No. 581 at 11.) As a result, the Court remanded this matter to allow Judge Allen to determine whether IQVIA had fully responded with precision and specificity to identify the individual records it claims Veeva misappropriated. (*Id.*)[2]

---

[1] In the Order, Judge Allen found that "IQVIA ha[d] supplemented its responses to Veeva's Interrogatory Nos. 14, 33, and 35 in support of IQVIA's trade secret misappropriation claims with sufficient and reasonable particularity to put Veeva on notice of the nature of IQVIA's trade secret misappropriation claims in compliance with District Judge Neals's Opinion and Order dated December 28, 2022."

[2] IQVIA submitted letters on April 4 and 5, 2024, explaining how its interrogatory responses sufficiently identified the scope of Veeva's misappropriation and recommending that, should Judge Allen need any further submissions, the parties file 3-page letter briefs on this issue. (ECF Nos. 585, 587.) Veeva, for its part, submitted letters on April 5 and 9, 2024, arguing that this Court's decision remanding to Judge Allen somehow required IQVIA to amend its responses to identify each individual record it claims Veeva misappropriated even before Judge Allen ruled on the sufficiency of IQVIA's existing responses. (ECF Nos. 586, 588.) That issue is pending on remand to Judge Allen.

On April 15, 2024, IQVIA filed a motion for partial reconsideration and clarification of the Court's March 31, 2024 Order insofar as it denied IQVIA's partial appeal (ECF No. 471) of the Special Master's September 15, 2022 Order (ECF No. 465), overruling IQVIA's assertions of privilege with respect to 63 select documents. (ECF No. 590.) Veeva opposed the motion (ECF No. 602), and IQVIA replied[3] in further support (ECF No. 611).

On May 21, 2024, Veeva filed a motion for clarification or, in the alternative, partial reconsideration of the Court's May 3 Order insofar as the May 3 Order did not expressly address two schedule related issues: (1) whether, in advance of summary judgment, IQVIA must comply with (a) the Court's March 31 Order to "identify the individual records it claims Veeva misappropriated and detail Veeva's misuse of them," (ECF No. 583 at 11) and (b) the Court's March 30 Order to produce Harvey Ashman's TPA-related documents, over which any privilege has been waived, (ECF No. 538) and (2) whether IQVIA's non-trade secret claims will be the subject of the forthcoming summary judgment briefing. (ECF No. 610.) IQVIA opposed the motion. (ECF No. 614.)

Thereafter, Veeva filed a letter requesting "expedited" clarification regarding the scope of summary judgment motions (ECF No. 612), and IQVIA responded to Veeva's request for the same (ECF No. 613). On June 14, 2024, the Court issued a Text Order providing that, consistent with the May 3 Order, the parties were to move for summary judgment only with respect to IQVIA's trade-secret claims, specifically whether IQVIA had valid trade secrets and whether Veeva had misappropriated them. (*See* ECF No. 617.)[4]

---

[3] On May 15, 2024, the Court granted IQVIA's request for leave (ECF No. 606) to file a reply brief in support of it motion for reconsideration (*See* ECF No. 608.)

[4] While the parties' summary judgment and *Daubert* motions are not addressed in this Opinion, the Court notes that these motions have been fully briefed and are currently pending before this Court. (*See* ECF Nos. 633, 629, 631, 659, 657.)

4

These motions are now fully briefed and ripe for the Court to decide.

## II. <u>LEGAL STANDARD</u>

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Grp., Inc.*, No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan. 13, 2010). A motion for "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (quoting *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002)); *see also Langan Eng'g & Env't Servs., Inc. v. Greenwich Ins. Co.*, No. 07-2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[] are to be granted 'sparingly'" (quoting *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001))); *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005). A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld*, 161 F. Supp. 2d at 352. Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.").

To prevail on a motion for reconsideration, the moving party must file the motion within fourteen (14) days of the entry of order or judgment and show at least one of the following

grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see also North River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotation marks omitted). A court commits clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603-04 (3d Cir. 2008)). "Thus, a party must ... demonstrate that (1) the holdings on which its bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the Court overlooked something, the movant must point to some dispositive factual or legal matter that was presented to the Court. *See* L. Civ. R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.*, No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, ... and should be dealt with through the normal appellate process ....") (internal citations omitted).

### III. DISCUSSION

    **A. IQVIA's Motion for Partial Reconsideration and Clarification of The Court's March 31, 2024 Order**

6

IQVIA seeks reconsideration of the Court's March 30 Order because it was clear legal error to find that IQVIA placed its Senior Vice President and Deputy General Counsel, Harvey Ashman's ("Ashman") Ashman's Third-Party Agreement ("TPA") evaluations, assessments, and consultations at "at-issue," IQVIA waived privilege over legal advice Ashman conveyed or received on those subjects. (ECF No. 591 at 8-12.) The Court finds that the arguments asserted by IQVIA in its motion are largely repetitive of those arguments that have already been rejected by the Special Master in overruling IQVIA's assertions of privilege over Ashman's TPA-related communications (ECF No. 465) and by Court in affirming the Special Master's decision in its March 30 Order (ECF No. 583) and finding that IQVIA waived privilege. It is well established that the motion for reconsideration is not a vehicle to rehash arguments. *See, e.g., Averhart v. Commc'ns Workers of America*, 688 Fed. App'x 158, 164 (3d Cir. 2017) (affirming District Court's denial of a motion for reconsideration where movant "rehashed" earlier arguments); *Altana Pharma AG v. Teva Pharm. USA, Inc.*, No. 04-cv-2355, 2009 WL 5818836, at *1 (D.N.J. Dec. 1, 2009) ("[C]ourts in this District routinely deny motions for reconsideration that simply re-argue the original motion."). Thus, because IQVIA does not rely on new law or facts and fails to identify "clear legal error" in these well-reasoned opinions, the Court will deny IQVIA's motion for reconsideration.

Next, to the extent clarification is needed, the Court notes that its March 30 Order was indeed limited to the specific privileged documents on appeal and was not a *sub silentio* invitation for Veeva to reopen discovery and/or launch new challenges to documents on IQVIA's privilege logs. Specifically, in the March 30 Order, the Court noted that the Special Master's finding of waiver applied to the specific documents Veeva challenged (ECF No. 583 at 27 n.10) and were subject to the Special Master's "in camera document-by-document inspection." (*Id*. at 26.)

Therefore, the scope of the March 30 Order is limited to the specific documents listed in the Appendix attached to the Special Master's Order and Opinion (*see* ECF No. 465 at 27-68), which the Special Master ordered IQVIA to produce. (*Id*. at 26.)[5]

### B. Veeva Motion for Clarification Or, In the Alternative, Partial Reconsideration of The Court's May 3 Order

In its motion, Veeva seeks clarification or, alternatively, reconsideration of the May 3 Order insofar as the May 3 Order did not expressly address two schedule related issues: (1) whether, in advance of summary judgment, IQVIA must comply with (a) the Court's March 31 Order to "identify the individual records it claims Veeva misappropriated and detail Veeva's misuse of them," (ECF No. 583 at 11) and (b) the Court's March 30 Order to produce Harvey Ashman's TPA-related documents, over which any privilege has been waived, (ECF No. 538) and (2) whether IQVIA's non-trade secret claims will be the subject of the forthcoming summary judgment briefing. (ECF No. 610.) Veeva explains that "[t]hings have changed since the February 6, 2024 proceedings, when Veeva advocated briefing summary judgment even without the list of allegedly misappropriated records and TPA-related documents." (*Id*. at 9.) Veeva avers that "the prejudice to Veeva has increased" as a result of the Court's rulings in the March 30 Order and March 31 Orders concerning IQVIA's identification of the allegedly misappropriated records and the production of Ashman's TPA-related documents. (*Id.*) Veeva argues that the March 30 Order and March 31 Order have "settled Veeva's rights, and any extension of the [summary judgment] schedule would be used to supplement and evaluate the discovery record and reduce the risk of successive summary judgment motions or an unnecessary trial. (*Id*. at 9-10.)

First, the Court notes that in January 2024, Veeva advised the Court that, despite the then-

---

[5] The parties will be directed to contact Judge Allen to discuss the best course of action in terms of the timing of the production of Ashman's TPA-related documents, in light of the Court's pending adjudication of the parties' motions for summary judgment and *Daubert* motions.

pending appeals concerning Trade Secret Identification and Ashman's TPA-related documents, "[n]one of these appeals presents any reason to delay the fixing of a trial date or pretrial proceedings, including summary judgment." (*See* ECF No. 570 at 2.) Then, during the February 6 Conference, Veeva once again represented that it was ready to move forward with summary judgment. (*See* Tr. 23:1-25:18.) With regards to the outstanding trade secret identification discovery specifically, Veeva asserted they could "take [IQVIA] at their word with their trade secrets and address the legal issues we think are raised by their trade secret definition and the claims that they make." (*See* Tr. 12:22-13:4.) Veeva also represented to this Court that "summary judgment, and probably *Daubert* can proceed even without a ruling on" the Trade Secret Identification Dispute "because we have independent grounds, I think, to [defeat] their trade secret claims or will raise in summary judgment motion." (Tr. 10:23-24.) Second, as for the discovery of the TPA-related documents granted in the March 30 Order, this discovery relates to Veeva's antitrust claims and counterclaims, which have been stayed pending the Court's resolution of the parties' summary judgment motions concerning IQVIA's trade secret claims. Moreover, on June 14, 2024, in response to Veeva's "expedited" request (ECF No. 612), the Court issued a Text Order clarifying that the scope of summary judgment motions was limited to IQVIA's trade-secret claims, specifically whether IQVIA had valid trade secrets and whether Veeva had misappropriated them. (*See* ECF No. 617.)[6] Since then, both parties have fully briefed their respective summary judgment and *Daubert* motions, which are currently pending before this Court. For the reasons stated above, Veeva's motion for clarification or, alternatively,

---

[6] While the parties' summary judgment and *Daubert* motions are not addressed in this Opinion, the Court notes that these motions have been fully briefed and are currently pending before this Court. (*See* ECF Nos. 629, 631, 633, 657, 659.)

reconsideration of the May 3 Order will be denied as moot.

### IV. CONCLUSION

For the foregoing reasons, IQVIA's motion for partial reconsideration and clarification of the Court's March 31, 2024 Order (ECF No. 590) is **GRANTED,** to the extent that the Court has clarified that the scope of the March 30 Order is limited to the specific documents listed in the Appendix attached to the Special Master's Order and Opinion. Further, Veeva's motion for clarification or, in the alternative, partial reconsideration of the Court's May 3 Order (ECF No. 610) is **DENIED as moot**. An appropriate Form of Order accompanies this Opinion.

**DATED:** March 31, 2025

**JULIEN XAVIER NEALS**
**United States District Judge**